LANDRUM and others, appellants, and KNOWLES, respondent.

A policy of insurance was taken by a wife on the life of her husband, in favor of and made payable to her children. After the payment of several premiums, she assigned this policy in payment of a debt of her husband, and thereupon the assignee paid several successive premiums. After the death of the husband the children filed their bill claiming the whole sum insured. *Held,* that they were entitled only to the value of the policy at the time of its assignment, on the ground that the gift from the mother to them was executed only to that extent.

*Mr. A. Kirkpatrick* (with whom was *Mr. T. S. Alexander*), for appellants.

*Mr. Dixon,* for respondent.

The opinion of the court was delivered by

THE CHIEF JUSTICE.

The end of this bill is to compel the payment to the complainants of certain moneys due on a policy of insurance. This contract with the insurance company had been entered into by the mother of the complainants, who are infants, and bears date the 28th of December, 1850. The consideration was the payment of $56 annually, and the insurance was on the life of Samuel G. Landrum, and was for the "sole use of the children of the said Lucy and Samuel G. Landrum;"

the agreement of the company being with the "said assured," that they will "well and truly pay, or cause to be paid, the said sum insured to the said assured, or their assigns," &c. On the 20th of February, 1860, Lucy A. Landrum, the mother of the complainants, under her hand and seal, and with the assent of her husband, assigned this policy to the respondent, in payment of a debt due to him from the husband. Lucy A. Landrum had paid the premiums due on the policy up to the 28th day of December, 1860, the last payment by her having been made on the 28th day of December, 1859. Subsequently to this payment, the respondent had paid the premiums. Samuel G. Landrum, whose life was insured, died in June, 1869. The insurance company, which was a party to the suit, had declined to pay the moneys due until it should be ascertained to which of the claimants the debt was legally due.

The Chancellor decreed that the complainants were entitled to the "cash value of the policy of insurance in question in this cause, at the time the policy ceased to be kept alive by the payment of the premiums by Lucy A. Landrum, or her husband, Samuel G. Landrum, to wit, on the 28th day of December, 1860," and which sum was to be determined by the rules of the company, the residue of the money owing on the policy being ordered to be paid to the respondent. It is from the latter branch of this decree that the present appeal has been taken.

The claim of the appellants is that they are entitled to the whole of the money due on this policy; the ground of this demand being that the policy was made for their benefit, and was payable to them, and that the gift having been completely executed by their mother could not be revoked by her, and that, consequently, the assignment by her to the respondent is invalid. This contention is controverted by the other side, on the grounds, that as the consideration moved exclusively from the mother, the appellants, who are her children, could not acquire any interest in the policy as against her, and that as they are mere volunteers, without

having paid any consideration for the interest which they claim, a court of equity will not extend to them any assistance. But this view taken by the counsel of the respondents cannot be sustained. It falls to the ground from the fact that the gift of an interest in this insurance has, at least to a considerable extent, been fully executed. There can be no question as to the equitable rule, that whenever any thing or chose in action has been completely transferred or assigned, a court of chancery will give effect to such act, even though it be purely voluntary. The principle was marked out with nice discrimination, in *Ellison* v. *Ellison*, 6 *Ves.* 656, by Lord Eldon, who said : "I take the distinction to be, that if you want the assistance of the court to constitute you *cestui que trust*, and the instrument is voluntary, you shall not have that assistance for the purpose of constituting you *cestui que trust ;* as upon a covenant to transfer stock, &c., if it rests in covenant, and is purely voluntary, this court will not execute that voluntary covenant; but if the party has completely transferred stock, &c., though it is voluntary, yet the legal conveyance being effectually made, the equitable interest will be enforced by this court." Now, in the present instance, the interest in this policy was effectually transferred to these appellants, for by its very terms it is made payable to them, and it is difficult to conceive what ceremony or fact is wanting to the perfection of the gift to them. The mother pays the premium for the use and benefit of the children, and the insurance company, at her instance, in the policy, enters into an agreement to pay the insurance money to them. The gift to the children is voluntary, but, very clearly, it is completely executed as a gift by the mother from whom it proceeds. In *Fortescue* v. *Barnett*, 3 *Mylne & Keene* 36, the voluntary gift was not more entirely completed. This case is most important in the present examination, being in most of its features similar to the one now before us, though I think in one essential respect, which in the sequel will be noticed, is to be distinguished.

The facts were briefly these : A man made a voluntary

assignment of a policy of insurance, which he held upon his own life, to trustees for the benefit of his sister and her children, if she or they should outlive him. The deed was delivered to the trustees, but the grantor kept the policy in his own possession. No notice of the assignment having been given to the insurance office, the grantor surrendered the policy for a valuable consideration. The Master of the Rolls held that the assignment of the policy, though voluntary, having been completely executed, was binding, and that the grantor must answer to the *cestuis que trust* for the value of the policy. With respect to the point of the completeness of the execution of the gift, I do not think the facts in the case thus cited were stronger than the facts in the present case. The assignment to trustees was not more unequivocal as to intention, or more final with respect to mode, than the circumstance of putting the policy in the name of these appellants. In both instances equally, nothing remained to be done to pass the interest assigned to the beneficiaries. And this authority would be very forcible in favor of the entire claim of the appellants, if it were not for a particular circumstance, and which is the distinguishing feature before adverted to. That circumstance is, that the grantor in the case cited covenanted with the trustees to "pay and keep up the annual premiums payable upon the policy." This, it seems to me, is an important ingredient of the case, and it is probable that it is the absence of this element which has led the Chancellor to make a decree in favor of the appellants in its present qualified form. This decree is shaped upon the idea that so long as the policy was kept alive by the premiums paid by the mother of the appellants, it belonged, by the gift of the mother, to them. To this extent this result is sustained by the case just referred to of Fortescue *v.* Barnett. By taking the policy in its form payable to the appellants, and by the payment of these premiums, the mother passed definitively to the appellants, an interest in the policy to the value of such payments. To this extent the transaction was finished and executed. But beyond this

value nothing could pass to the appellants but by a further act of the mother, and which act was entirely voluntary. She had not even agreed to perform such act. Whatever premiums she might have paid, beyond those actually paid, would have been entirely gratuitous. To this part of the present case, then, the decision just stated does not apply. The point is a nice one, and it seems to me there are no precedents, for the American cases cited can have but little weight, as they all rest, in a great degree, on statutory considerations. The Chancellor's view is certainly an equitable one; it gives to the appellants the full value of the policy up to the time it ceased to be kept alive by their mother. At that point the mother indicated, by the assignment of the policy, her intention to make no more payments in their favor, and unless the respondent had continued to keep the policy alive it would have been forfeited with respect to all persons holding an interest in it. It is by no means certain that this assignment has not been an advantage to the appellants, as otherwise the policy might have fallen in. The respondent kept this insurance alive for his own benefit, having acquired an interest in it by the payment of a valuable consideration. As the intention was clear, the mere form in which the interest was passed to the respondent cannot, in a court of equity, affect the substantial rights of the parties. The result in the court below goes upon the ground that the mother of these appellants gave to them the entire interest in this policy, which she herself had paid for; that, to this extent, the gift was executed, and consequently could be enforced in equity; but that the acquisition of a further interest by the payment of subsequent premiums was altogether executory and voluntary, and that such interest was not acquired by her and cannot be claimed by her beneficiaries. As I have said, this result appears to me to meet fully the equity of the case; and as it also, in my judgment, is in harmony with correct theory, I shall vote to affirm the decree of the Chancellor, with costs.

The whole court concurred.