DENNIS J. SULLIVAN et al., complainants and respondents,

*v.*

JOHN F. MARONEY et al., defendants and appellants.

[Submitted June 27th, 1910. Decided November 14th, 1910.]

1. Where a contract of insurance is made payable to designated bene-ficiaries, and prescribes a procedure for divesting their interest, in favor of another beneficiary, such interest can be divested, in the absence of an assignment by the beneficiaries themselves, only by following the pro-cedure so prescribed.

2. Where a contract of life insurance is payable primarily to desig-nated beneficiaries and on a certain contingency to the estate of the party whose life is insured, an assignment by such party of his right, title and interest in the policy will convey only the contingent interest of his estate.

3. *Landrum* v. *Knowles, 22 N. J. Eq.* (*7 C. E. Gr.*) *594*, distinguished.

On appeal from a decree advised by Vice-Chancellor Garrison, whose opinion is reported in *76 N. J. Eq.* (*6 Buch.*) *104*.

*Mr. Mark A. Sullivan,* for the appellants.

*Mr. Merritt Lane,* for the respondents.

The opinion of the court was delivered by

PARKER, J.

The contest is over the proceeds of an insurance policy on the life of Margaret Cahill, deceased. By the terms of the policy the company agreed to pay its amount to Denis, Edward, Katie and William, children of said Margaret, share and share alike "(or to such other beneficiary or beneficiaries as may be desig-nated by the insured as hereinafter provided) if living, other-wise to the insured's executors, administrators or assigns," upon making proper proof of loss, &c. No such other beneficiary was designated as provided by the policy, and so far the status of the

named children as original beneficiaries remains unchanged. The complainant Sullivan is their next friend in the litigation, they being infants, and the proceeds of the policy were awarded to him by the court below, overruling the claim of Marie Schaefer (now McCabe) as assignee of the policy, or to state her position more correctly, overruling her claim to be substituted beneficiary by virtue of a writing signed by Margaret Cahill, the insured, and her husband. This writing is set out in full in the opinion of the vice-chancellor, and is manifestly drawn to comply, not with the provisions of the policy for change of beneficiary, but with those relating to assignment, properly so called; and there can be little question, in view of its heading and the directions for attaching it to the policy immediately following, as well as its language, that it was written on a form issued by the company. We agree with the vice-chancellor that this paper must be treated as an assignment, and is not available to effect a change of beneficiary, and are satisfied to rest our decision in this respect on his opinion. We also agree, and for the reasons and on the authorities given by the vice-chancellor, that as a general rule the interest of a beneficiary is vested and cannot be divested by an assignment of the policy by the assured.

It remains but to consider the effect on this case, if any, of *Landrum* v. *Knowles, 22 N. J. Eq.* (*7 C. E. Gr.*) *594,* which was decided in this court. The facts of that case are fully set out in the opinion of Vice-Chancellor Garrison, in the case at bar, and therefore need not be repeated here. The decision went upon the ground that the children were named as beneficiaries in a policy taken out by their mother on her husband's life, and that all premiums paid by their mother inured to their benefit as a gift, and entitled them to the cash value of the policy at the time of the assignment to Knowles, but that such assignment indicated plainly her intention that the gift cease at that point. Commenting on this decision the vice-chancellor apparently considered that it would require him to decide this case in favor of appellant Schaeffer—McCabe, the assignee, if the Landrum children were entitled directly under the policy as beneficiaries, and intimates that Chief-Justice Beasley, who delivered the opinion of this court, was in error in so treating them, and that the legal

beneficiary was the mother as voluntary trustee for the children, whose gift to them would be supported only to the extent, adopting the vice-chancellor's language, that it was effectuated. We incline to think that it was neither error nor inadvertence that caused the eminent chief-justice to say that the Landrum policy by its terms was payable to the children (*22 N. J. Eq. (7 C. E. Gr.) 596*) ; but this view does not lead us to a reversal of the decree now *sub judice,* for we think this case may readily be distinguished from *Landrum* v. *Knowles* on other grounds.

The provisions of the Cahill policy regarding payment of death claim are clearly drawn, and the various interests accurately distinguished. The company agrees to pay certain children by name, if living (subject to change of beneficiary by prescribed procedure not now in question because no such change was made) ; otherwise (*i. e.,* in case of such children or such substituted beneficiary predeceasing Margaret Cahill) to her executors, administrators or assigns. As the learned vice-chancellor himself points out:

"There were, therefore, always two sets of interests in this policy—the beneficiaries (who would get the money if they were living at the death of the insured) and the representatives of the insured (to whom the money would come if the insured outlived the beneficiaries). Each of these interests was undoubtedly subject to assignment. Neither one could, in my view, assign anything excepting that which would come to that one; and the assignment of neither could possibly impinge upon the rights of the other. In other words, the beneficiaries, if of age, could undoubtedly assign their interests under the policy, and the insured could undoubtedly, as against her estate and so as to bind it, assign that interest, *i. e.,* the interest which would come to her estate."

To these views we cordially subscribe, and think they are decisive of the case, and that the delimitation of these two sets of interests and the different provisions for their transfer suffice to distinguish this case from *Landrum* v. *Knowles,* where there was no such specific separation, and no distinction made between assignment and change of beneficiary.

Equitable questions are conspicuously absent from this case

also. No question of fraud or of mistake in making out either the policy or the assignment is raised. The controversy is not over what the parties did or intended to do, but what they did being conceded or conclusively shown, the dispute is over the effect of it. Mrs. McCabe stands squarely on her legal rights as an assignee, and as such, could receive by assignment only what Mrs. Cahill had, under the policy, to give, which was the contingent interest of Mrs. Cahill's estate in default of the children surviving her.

If it had been intended to work a change of beneficiary, the method of doing so was clearly pointed out and should have been followed. The paper that was executed being not a change of beneficiary but an assignment, and by its very terms conveying only the right, title and interest of Mrs. Cahill, is conclusive of the intent of the parties and should not be extended by construction.

It appears, then, that in the *Landrum Case* there was only one beneficial interest contemplated by the policy; here there are two. In the *Landrum Case*, the word "assignment" fairly covered any transfer of rights in the policy; here a change of beneficiary is specifically so treated, and subjected to a special procedure, while "assignment" relates to a transfer of the residual interest of the insured's estate. In the former case, the assignment, if not by a beneficiary, was by one having a distinct standing by reason of payment of premiums and not by the insured; here the assignment is by the insured herself. In that case the form of the assignment does not appear; here it specifically is an assignment of such right, title and interest as Margaret Cahill had in the policy. For these reasons we think that *Landrum* v. *Knowles* does not apply, and that the case falls within the general line of authorities cited by the vice-chancellor.

The decree will accordingly be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, CONGDON—11.

*For reversal*—None.