NELLIE F. RYAN *vs.* BOSTON LETTER CARRIERS' MUTUAL BENEFIT ASSOCIATION & another.

Suffolk.  October 22, 1915. — November 23, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Contract,* Antenuptial contract.  *Fraternal Beneficiary Corporation.*  *Equity Jurisdiction,* To enforce performance of antenuptial contract.

If a woman about to marry makes a valid contract with her prospective husband whereby in consideration of the coming marriage and of money lent to him he agrees to "take out" a death benefit certificate in a certain fraternal beneficiary corporation in which she shall be named as beneficiary, and after the

marriage the husband causes such a certificate to be issued to him and after-wards changes the beneficiary, substituting his sister for his wife without the wife's knowledge, and then dies, the wife cannot maintain a suit in equity against the corporation and the sister to compel the amount of the certificate to be paid to her if it does not appear that either the sister or the corporation knew of the antenuptial contract before the beginning of the suit.

BILL IN EQUITY, filed in the Superior Court on March 25, 1915, by the widow of John W. Ryan, to whom a death benefit certificate had been issued by the defendant fraternal beneficiary corporation, the Boston Letter Carriers' Mutual Benefit Association, in favor of the plaintiff in accordance with the alleged contract described in the opinion, the defendant Loretta M. Ryan afterwards having been substituted for the plaintiff as the beneficiary in the certificate. The prayer of the bill was that the amount of the certificate should be ordered to be paid to the plaintiff.

The defendants demurred. The demurrers were heard by *Morton,* J., and were sustained and a final decree was made dismissing the bill. The plaintiff appealed.

*H. A. Kenny, P. Daly & W. J. Day,* for the plaintiff, submitted a brief.

*J. E. Hanlon,* for the defendant Boston Letter Carriers' Mutual Benefit Association.

*R. E. Buffum, (F. A. Crafts* with him,) for the defendant Loretta M. Ryan.

PIERCE, J. This is an appeal from a final decree sustaining the defendants' demurrers to the bill. The bill sets out that John W. Ryan died on January 31, 1915, a member in good standing of the defendant association in which his life was insured in the sum of $1,000. The original certificate was issued to him on March 13, 1911, and in accordance with his direction his wife, Nellie F. Ryan, to whom he had been married on February 4, 1911, was designated in the certificate as beneficiary. "Previous to such marriage she made a contract with said John W. Ryan, viz: that said John W. Ryan would take out said benefit certificate payable to [her] the complainant providing [she] said plaintiff would marry him also in return for money loaned and also that said complainant would take charge of his funeral in the event of his dying first and also pay his funeral expenses." Thereafter the wife (the plaintiff) duly furnished the consideration or considerations agreed upon.

On or about May 13, 1912, Ryan, without the knowledge or

consent of his wife, took out another certificate from the defendant association designating therein his sister, Loretta M. Ryan, as beneficiary in place of the plaintiff. On February 3, 1915, following her husband's death, the plaintiff first learned that Loretta M. Ryan was the person designated as beneficiary in the certificate at the date of her husband's death, and almost immediately thereafter she notified the defendant association that she was the widow and administratrix of the estate of John W. Ryan and that she had paid the funeral expenses. In response thereto the association informed her that it would recognize the validity of the designation of the defendant Loretta M. Ryan as beneficiary, "and intended to pay the money over and did so."

The defendant is a fraternal beneficiary association and was duly incorporated as such under the laws of this Commonwealth on May 18, 1889. The bill does not state that the association had knowledge of the antenuptial contract either at the time the original certificate was issued, or at the time the beneficiary named therein was changed, or at any time before the institution of this suit. Nor is it alleged that the defendant beneficiary had knowledge of such contract or that she was no more than a mere volunteer and donee.

Owing to the nature of a beneficiary association the person designated in the certificate has a mere expectancy and not a vested right in the anticipated benefit. *Marsh* v. *American Legion of Honor,* 149 Mass. 512. St. 1911, c. 628, § 6. The right of the designated beneficiary is not one of property, yet it is of sufficient potentiality at law or in equity to permit contracts and other obligations in reference thereto which are binding and enforceable in equity after the happening of the event which automatically enlarges the contingent interest to a vested right. *Kerr* v. *Crane,* 212 Mass. 224. The antenuptial contract to take out a benefit certificate, founded as it was upon adequate consideration, was not met and fulfilled by the taking out of a certificate in which the wife was named as beneficiary, and thereafter changing the beneficiary without the knowledge or consent of the wife although such change was within the undoubted legal power of the husband. St. 1911, c. 628, § 6. The contract contemplated a certificate which should continue with the wife as beneficiary. In essential principle the rule to be applied is like that appertaining to con-

tracts to make a will. For such a rule see *Wellington* v. *Apthorp,* 145 Mass. 69, 77. As between the wife and the defendant beneficiary the wife was the holder of an equity prior in time and therefore in right. But with the death of the husband the defendant beneficiary's equitable interest became a legal vested right, and the plaintiff's right to a *quasi* specific performance of the contract, in the absence of an allegation in the bill of the defendant beneficiary's knowledge of her equity or that such beneficiary was a mere volunteer, determined.

It follows that no trust attached to the fund and there are no facts to warrant a constructive trust springing from actual fraud of the defendant beneficiary or implied from the receipt of property which the defendant beneficiary knew was bound in good conscience to the support of the plaintiff's equitable right. The absence of these allegations of fact distinguish the case at bar from those cited by the plaintiff. Such rights as remained to the wife upon the death of her husband were creditor's rights and are to be worked out not in a court of equity but in the appropriate forum of the law.

*Decree affirmed.*