STELLA M. KOCHANEK *vs.* PRUDENTIAL INSURANCE COMPANY
OF AMERICA, JOSEPH NALEPA, claimant.

Hampden.     November 5, 1927. — January 6, 1928.

Present: BRALEY, CROSBY, PIERCE, CARROLL, WAIT & SANDERSON, JJ.

*Insurance,* Life: change of beneficiary. *Practice, Civil,* Interpleader proceedings. *Evidence,* Presumptions and burden of proof.

In an action upon a policy of life insurance against the insurer by one named the beneficiary in the policy, where a claimant appears in interpleader proceedings under G. L. c. 231, § 40, the burden of proof is upon the claimant to establish that there was in the lifetime of the insured a valid change from the beneficiary named in the policy to himself.

At the hearing in such proceedings by a judge without a jury, it appeared that the named beneficiary had paid premiums on the policy, and as to a change of beneficiary merely that, at some time within a year that

elapsed between the issuance of the policy and the death of the insured, the insured had determined to make the claimant sole beneficiary, had delivered the policy to the office of the insurer in order to have the change made, and had signed and sent to the office a proper notice of the change; that a provision of the policy required that such change could "become effective only when a provision to that effect is endorsed on or attached to the policy by the company, whereupon all rights of the former beneficiary or beneficiaries shall cease"; that no such indorsement had been made solely because the insurer's agent mislaid the policy and did not find it until after the insured had died. *Held,* that

(1) The facts were not sufficient to warrant a finding that the insured had done everything possible to conform to the terms of the insurance contract, and died before the formal and ministerial acts of the officers of the insurance company had been performed;

(2) The claimant failed to sustain the burden which was upon him to show a valid change of the beneficiary in the lifetime of the assured;

(3) A finding for the claimant was not warranted as a matter of law;

(4) The fund was ordered paid to the beneficiary named in the policy.

CONTRACT by the beneficiary named in a policy of insurance upon the life of Katie Nalepa.    Writ dated January 4, 1924.

By interpleader proceedings instituted by the insurer under G. L. c. 231, § 40, the amount of the policy was paid into court and Joseph Nalepa was summoned and made answer, claiming the fund.

The action then was heard by *Lummus,* J., without a jury. Besides the facts and rulings stated in the opinion, he found and ruled as follows:

The plaintiff "was duly made a beneficiary under the policy, and as such paid $90.46 as premiums, which it is agreed should be allowed her if she does not obtain the proceeds of the policy as a whole.    Later, the insured determined to make the claimant, Joseph Nalepa, her sole beneficiary under the policy, delivered her policy to an authorized agent of the defendant for transmission to the home office of the defendant in order to have the change made, and signed and sent to the home office of the defendant a proper written notice of the change, which was not indorsed on or attached to the policy solely because the defendant or its said agent mislaid the policy and did not find it until after the insured died.    Upon these facts, the question of law arises, whether there was a valid change of beneficiary as

between the plaintiff and the claimant. I rule that there was, and order judgment that the plaintiff be paid from the fund in court the sum of $90.46, and that the claimant be paid the remainder of the fund except such sum as may be needed to pay the defendant the costs allowed it by the interlocutory decree" of interpleader. The judge then reported the action to this court for determination.

*G. D. Cummings, G. F. Leary, & C. V. Ryan, Jr.*, for the claimant Nalepa, submitted a brief.

No argument nor brief for the plaintiff.

PIERCE, J. This action of contract to recover the amount due upon a life insurance policy, issued on April 22, 1922, by the Prudential Insurance Company of America to Katie Nalepa upon her life, is before this court on report by a judge of the Superior Court. The plaintiff is the beneficiary named in the policy.

The record does not disclose when the assured delivered her policy to an agent of the insurance company for transmission to the home office of that company, and signed and sent to the insurance company a "proper written notice" of the change in the beneficiary which she had determined to make. The change was not "indorsed on or attached to the policy [by the company] solely because the defendant or its . . . agent mislaid the policy and did not find it until after the insured died" on April 22, 1923. The named beneficiary, as such, paid $90.46 as premiums; and it is agreed that this amount shall be allowed her if she does not obtain the proceeds of the policy as a whole.

The defendant, in a petition for interpleader under G. L. c. 231, § 40, admitted the issuance of the policy, that the assured had died, that the proceeds of the policy were due and payable, that there is no dispute as to the amount; alleged that the amount due under the policy was claimed by the plaintiff and by one Joseph Nalepa, that it had no interest in the subject matter of the controversy between the claimants; and paid the sum of $506.35 into court to await the final judgment of the court. Joseph Nalepa, upon notification, duly appeared, was made a party defendant, and made claim to whatever money is due from the defendant under the

policy.   After the filing of a stipulation of the plaintiff and claimant that the amount owed by the defendant was $506.35, the Superior Court by an "interlocutory decree" ordered (1) "That this action is hereby discontinued as to the defendant, Prudential Insurance Company of America, and its liability in this action is hereby at an end"; and (2) "Costs in the sum of Twenty-five ($25.00) Dollars are hereby awarded the  defendant, Prudential Insurance Company of America, such costs to be charged upon and paid out of said fund of Five Hundred Six and 35/100 ($506.35) Dollars."

The policy of the defendant insurance company contained a provision whereby the assured might "by written notice to the Company at its Home Office, change the beneficiary or beneficiaries under this policy, such change . . . to become effective only when a provision to that effect is endorsed on or attached to the policy by the company, whereupon all rights of the former beneficiary or beneficiaries shall cease." In these proceedings the burden of proof was upon the claimant to establish that there was in the lifetime of the assured a valid change from the beneficiary named in the policy to himself.

The interest of the beneficiary or beneficiaries in a policy of life insurance of the character issued to Katie (Katherine) Nalepa is a qualified vested interest, which is subject to be divested and defeated should the assured in his lifetime exercise the power given him to change a beneficiary in the manner prescribed by the contract between the insurer and the assured. *In re Davies,* [1892] 3 Ch. 63. *Douglass* v. *Equitable Life Assurance Society,* 150 La. 519. *Supreme Council of the Royal Arcanum* v. *Behrend,* 247 U. S. 394.   A substantial compliance with the provision of the policy regulating change in beneficiaries must be followed.   *French* v. *Provident Savings Life Assurance Society,* 205 Mass. 424. *Begley* v. *Miller,* 137 Ill. App. 278.   *Freund* v. *Freund,* 218 Ill. 189.   See *Atlantic Mutual Life Ins. Co.* v. *Gannon,* 179 Mass. 291; *Daugherty* v. *Daugherty,* 152 Ky. 732.   And a mere unexecuted intention to change the beneficiary or beneficiaries will not be sufficient to bring about that result. *Garner* v. *Bemis,* 81 Fla. 60.   The interest of a beneficiary

in an ordinary life policy with power of change of beneficiary reserved to the assured is something more than a mere expectancy in anticipated benefits, as is the status of a beneficiary, or beneficiaries, in a mutual benefit certificate with rights to change the beneficiary conferred by statutory law. *Marsh* v. *Supreme Council American Legion of Honor,* 149 Mass. 512. *Ryan* v. *Boston Letter Carriers' Mutual Benefit Association,* 222 Mass. 237. St. 1911, c. 628, § 6. *Rosman* v. *Travelers' Ins. Co. of Hartford,* 127 Md. 689, affirmed Ann. Cas. 1918 C, 1047. *Neary* v. *Metropolitan Life Ins. Co.* 92 Conn. 488. *Provident Savings Life Assurance Co.* v. *Dees,* 120 Ky. 285. *Christman* v. *Christman,* 163 Wis. 433. *Metropolitan Ins. Co.* v. *Clanton,* 6 Buch. 4.

If the interest of the beneficiary in a life insurance policy of the character here considered be less than a qualified vested property right, as the claimant contends, it is nevertheless of sufficient potentiality to enlarge automatically the contingent to a vested right upon the event of the death of the assured, and to entitle the named beneficiary thereafter to contest the validity of any alleged change of beneficiary or beneficiaries. *Ryan* v. *Boston Letter Carriers' Mutual Benefit Association, supra.* Whether the right of the beneficiary before the death of the assured be a qualified vested right or a contingent right, that right became presumptively an absolute vested right at the death of the assured, and as between the named beneficiary and claimant could not be affected by an interpleader petition or by any act of the insurer after the death of the assured. *Freund* v. *Freund, supra. Sullivan* v. *Maroney,* 6 Buch. 104, affirmed 7 Buch. 565. *Berg* v. *Damkoehler,* 112 Wis. 587. See *Bank of Belzoni* v. *Hodges,* 132 Miss. 238.

We assume in equity a change in beneficiary or beneficiaries will result where the assured has done everything possible to conform to the terms of the insurance contract, and dies before the formal and ministerial acts of the officers of the insurance company have been performed. *John Hancock Mutual Life Ins. Co.* v. *White,* 20 R. I. 457. *Donnelly* v. *Burnham,* 86 App. Div. (N. Y.) 226, affirmed 177 N. Y. 546. Cases collected in Cooley, Briefs on Law of In-

surance, 3769.    No facts are found in the record from which it can be determined at what time after April 22, 1922, and before April 22, 1923, the assured delivered the policy to the agent of the defendant for transmission to the home office; nor at what time the notice of an intention to change the beneficiary named in the policy was signed or when or by what means it was sent to the home office.    All that appears is that the policy was mislaid by the agent or by the insurance company and that it was not found until after the assured had died.    If the policy and notice were sent to the home office of the insurance company soon after the issuance of this policy, and the assured took no further action when no word of acceptance was received by her from the company, that fact would be nearly conclusive of an abandonment of intention to change the named beneficiary; and it would be inequitable to decree a change was made of the beneficiary upon the facts found in the record.    *Abbott* v. *Supreme Colony United Order of Pilgrim Fathers,* 190 Mass. 67.    *Shuman* v. *Ancient Order of United Workmen,* 110 Iowa, 642.    *Fink* v. *Fink,* 171 N. Y. 616.    *Berg* v. *Damkoehler, supra.*

The claimant has failed to sustain the burden which was upon him to show a valid change of the beneficiary in the lifetime of the assured.    It results that a decree is to be made whereby the plaintiff shall receive the fund ($506.35) on deposit in the Superior Court, less the sum of $25 which shall be paid therefrom to the Prudential Insurance Company of America as costs.

*Decree accordingly.*