VERNA RESNEK *vs.* MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, ESTHER RESNEK & another, claimants.

SAME *vs.* METROPOLITAN LIFE INSURANCE COMPANY, DOROTHY RESNEK, claimant.

Norfolk.  April 5, 6, 1933. — May 24, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Insurance*, Life: change of beneficiary.  *Practice, Civil*, Interpleader. *Waiver*.

An action upon a policy of life insurance designating the insured's sister as beneficiary was brought by his widow, who contended that he had made a change of beneficiary in her favor.  The sister was interpleaded by the defendant.  *Held*, that the sister had a standing in the action to assert an interest in the policy.

It appeared at the trial of such action that the policy provided that the insured might designate a new beneficiary by filing a notice thereof in writing and the policy at the home office of the company and that the change should take effect upon indorsement thereof upon the policy by the company; that three months before his death the insured delivered the policy to his wife, saying that he wished her to

have the proceeds thereof; that his wife thereafter retained the policy; that, at his request a few days before his death, she obtained at a branch office of the company a form for a change of beneficiary, which the insured executed; that she handed the executed form and the policy to the supervisor of the company's branch office, who thereupon rejected the form and returned the policy to her; that neither the form nor the policy ever was filed with the home office of the company; and that the change of beneficiary never was indorsed on the policy. *Held*, that

(1) There was not a substantial compliance by the insured with the provisions of the policy as to change of beneficiary;

(2) The insured's sister, the beneficiary originally designated, was entitled to the proceeds of the policy after the insured's death.

Although the insurance company in the action above described might waive any rights which it possessed under the policy, it could not waive nor destroy rights which vested in the insured's sister at the insured's death; and the sister's rights were not affected by the company's interpleading her and the widow and by its paying the amount of the policy into court.

TWO ACTIONS OF CONTRACT upon policies of life insurance. Writs dated December 30, 1929.

The pleadings, proceedings in the Superior Court, and material evidence at the trial of the actions together before *F. T. Hammond*, J., are described in the opinion. The judge ordered a verdict for the claimants Esther Resnek and Dorothy Resnek in the first action in the sum of $1,344.52, and ordered a verdict for the claimant Dorothy Resnek in the second action in the sum of $8,720.10. The plaintiff alleged exceptions.

*R. L. Sisk*, for the plaintiff.

*J. E. Hannigan*, (*J. J. Tutun* with him,) for the claimants.

DONAHUE, J. The plaintiff brought actions at law against two insurance companies on policies of insurance issued by them some time prior to 1929 on the life of her husband who married the plaintiff in January and died on August 7 of that year. One policy designates the insured's sister and mother, and the other policy his sister, as beneficiaries. Each company filed a petition of interpleader, the beneficiaries appeared as parties and filed answers, the companies paid into court the amounts due as proceeds of the policies and their liabilities thereunder were declared terminated in one case by stipulation

of the parties and in the other by an order of court. The actions were tried together in the Superior Court and at the close of the evidence the judge, subject to the exceptions of the plaintiff, directed a verdict for the beneficiaries. Each bill of exceptions states that the only question at issue was whether there had been a valid change of beneficiary or beneficiaries under the policy whereby the plaintiff was substituted as beneficiary for those designated as such in the policies.

The plaintiff testified that early in May, 1929, her husband delivered to her the two insurance policies on which the present suits are brought and another policy with which we are not here concerned, saying that he wished her to have and receive their proceeds, and that she thereafterward retained the two policies here in question except for a short time when they were mislaid. Other testimony applicable in the action against the Metropolitan Life Insurance Company, taken in its aspect most favorable to the plaintiff, is here summarized. The insured entered a hospital in the latter part of July and on August 3 he had a talk with the plaintiff about a change in the beneficiaries in the policies and on the same day at his request she went to a branch office of that company in Boston and told the supervisor that she had been sent by her husband to get blank forms for a change of beneficiary. She was given such a printed form and took it to her husband who filled it out and signed it on August 5. It stated above the place of signature: "I understand that this designation of beneficiary will take effect when endorsed on the Policy by the Company and not before, and that if examination of the records of this Policy at the Home Office of the Company discloses any reason why the designation cannot be made, this beneficiary designation form shall be returned to me by the Company without endorsement of designation of beneficiary on Policy. I understand that legal process or action between the parties to the contract, insanity or minority of any of the interested parties, or an order of a Court may serve to prevent the proposed designation of beneficiary." On the same day, August 5, the plaintiff

took the form signed by the insured and the policies to the office of the company and handed them to the supervisor. He signed the form, then apparently went and conferred with some one else in the office, and returning told her that the insured's father had been in and " 'gummed' up the works," tore up the form and handed the policies back to her. She then reported what had taken place to the insured and he said he would see his father.

Each of the policies here in suit provides that the insured may "designate a new beneficiary . . . by filing written notice thereof at the Home Office of the Company accompanied by this Policy for suitable endorsement" and that "Such change shall take effect upon endorsement of the same" on the policy by the company. In the present case neither written notice of a change of beneficiary nor the policy was sent to the home office of either company and no indorsement of any change was made thereon. The claimants assert the rights of beneficiaries who are so designated in insurance policies as those policies stood at the time of the death of the insured. Such beneficiaries have an interest which may be asserted in actions based upon the policies and brought in their own names. G. L. (Ter. Ed.) c. 175, § 125. *Tyler* v. *Treasurer & Receiver General*, 226 Mass. 306, 308.

The interest of a beneficiary, designated in a life insurance policy containing a reservation to the insured of the right to change the beneficiary named, has been described as "a qualified vested interest, which is subject to be divested and defeated should the assured in his lifetime exercise the power given him to change a beneficiary in the manner prescribed by the contract between the insurer and the assured." *Kochanek* v. *Prudential Ins. Co. of America*, 262 Mass. 174, 177. See also *Hersam* v. *Aetna Life Ins. Co.* 225 Mass. 425, 427; *Marsh* v. *American Legion of Honor*, 149 Mass. 512, 515; *Lorando* v. *Gethro*, 228 Mass. 181, 188. The right of such a beneficiary during the lifetime of the insured is sometimes referred to as being contingent upon the happening of the death of the insured but when so viewed the right nevertheless becomes

vested and absolute upon the occurrence of that event. *Kochanek* v. *Prudential Ins. Co. of America*, 262 Mass. 174, 178. *Wilde* v. *Wilde*, 209 Mass. 205, 208. By the terms of the policy the right was reserved to the insured to change, by use of the method therein specified, the beneficiaries named and to substitute new beneficiaries. No one could elect on his behalf to exercise the contractual right to change the beneficiaries. G. L. (Ter. Ed.) c. 175, § 125. In the present case it is admitted by the plaintiff that the insured did not comply with the requirements of the policies for the making of such a change. A change of beneficiary may be accomplished without strict and absolute conformance with the policy provisions. The absence of a merely formal act of assent by the insurance company would not prevent the making of an effective change. To produce such a result, however, there must be on the part of the insured "A substantial compliance with the provision of the policy regulating change in beneficiaries." *Kochanek* v. *Prudential Ins. Co. of America*, 262 Mass. 174, 177. If an insured does everything in his power to bring about a change of beneficiaries and that end is not accomplished merely because of deficiencies in the performance of specified formalities by the company, a substantial conformance with the policy requirements may be found. *Kochanek* v. *Prudential Ins. Co. of America*, 262 Mass. 174, 178. *Freund* v. *Freund*, 218 Ill. 189. *Prudential Ins. Co. of America* v. *Swanson*, 111 N. J. Eq. 477.

These last stated principles are not applicable to the facts in the present case. The insured secured the proper blanks to give notice of a change of the beneficiaries named in the policy issued by the Metropolitan Life Insurance Company. The language of the blanks as well as that of the policy plainly told him that under the policy requirements in order to effect such a change not only must he sign a written notice but that it and the policy as well must be filed in the home office of the company before the change could be accomplished. When the blank signed by him was rejected by the supervisor of a local office of the company and the policy returned to the insured he knew that

all that was required to be done by him in order to make a change of beneficiary under such a policy had not been done. We do not think the evidence permits the finding that the insured did all that he could have done to conform to the requirements of the policy or that there was a substantial compliance on his part with those requirements.

If we assume that the delivery of both policies by the insured to the plaintiff in May, taken with what was then said, amounted to an oral assignment which was good between the parties thereto, and further assume without deciding that the transaction at that time was of such a character that if the companies had been notified and had assented the assignment would operate as a change of beneficiary (*Atlantic Mutual Life Ins. Co.* v. *Gannon*, 179 Mass. 291, *O'Brien* v. *Continental Casualty Co.* 184 Mass. 584), the plaintiff acquired thereby no rights as against the beneficiaries named. The insured at no time gave to the companies written notice of the assignment. With respect to that assignment there was not only no substantial compliance with provisions of the policies regulating changes in beneficiaries but there was no attempt at compliance therewith. There was evidence that the plaintiff, when in August she asked a branch office supervisor of one of the companies for the necessary blanks to change the beneficiaries, described the transaction in May. There was then no assertion that the assignment had effected such a change and no request that it be so treated by the company.

The plaintiff contends that, because the companies upon being sued in these actions filed petitions of interpleader and paid into court the amount due on their respective policies, there has been a waiver of the failure of the insured to comply with the policy provisions regulating changes of beneficiary and that as a result the plaintiff is the sole beneficiary. An insurance company when sued on a policy may waive any rights it possesses under the policy (*Merrill* v. *New England Mutual Life Ins. Co.* 103 Mass. 245, 252) but it cannot by acts done by it after the rights of a named beneficiary have vested upon the death of the insured waive or destroy such rights. *Kochanek* v. *Prudential Ins. Co. of*

*America,* 262 Mass. 174, 178.  *Clark* v. *Metropolitan Life Ins. Co.* 126 Maine, 7.  *New York Life Ins. Co.* v. *Murtagh,* 137 La. 760.  The vested rights of the beneficiaries in these cases are not affected by the companies' petitions of interpleader and the payment of the proceeds of the policies into court.

In each case the entry must be made

*Exceptions overruled.*