In 1924, the defendant Insurance Company issued to Mr. O'Brien, the complainant, a policy of insurance whereby it agreed to pay "upon due proof of the death of said insured $20,000 in accordance with the provisions of the clause endorsed on the third page hereof (without the right reserved to the insured to change the beneficiary)." The word out is *Page 591 
typewritten; the other words printed. The clause endorsed on the third page reads:
"It is understood and agreed that upon the decease of the Insured, the Company, in lieu of paying the net proceeds due under this policy (including any additions thereto) in one sum, will make annual payments in accordance with the provisions of the Fourth Option of this policy, in equivalent monthly payments, to Helen O'Brien, daughter of the Insured, if living; said payments to continue during her lifetime.
"In the event of the decease of said Helen O'Brien either before the decease of the Insured or thereafter during the payment period as provided under the Fourth Option, then at the decease of the survivor of the Insured and said Helen O'Brien, the proceeds of this policy will be paid in one sum to then surviving issue of said Helen O'Brien, if any, in equal shares to each, but if there be none, then to Margaret O'Brien, Frances O'Brien and Marion O'Brien, daughters of the Insured, if living, in equal shares to each, or to the survivors or survivor of them, otherwise to the executors or administrators of the survivor of the Insured and said Helen O'Brien.
"Said Helen O'Brien shall have no right to assign, alienate or commute any of the payments hereunder or to anticipate any of the benefits mentioned herein."
Mr. O'Brien and all his daughters mentioned in the policy are still living. Helen, the life beneficiary, has married and has two infant children. A few months ago complainant's daughters assigned to complainant their title and interest in the policy and complainant applied to the defendant company to issue to him in lieu of the existing policy a paid-up policy payable upon complainant's death to his four daughters or to so many of them as should then be living and the issue of any then deceased in equal shares per stirpes. The company refused to comply with complainant's request on the ground that the right to change the beneficiary had not been reserved and that the rights of the infant beneficiaries could not be ignored. Complainant thereupon filed his bill against the company and the infants for a decree requiring the company to issue a new policy in accordance with complainant's desires.
Contracts for the benefit of third persons are classified in the Restatement of the Law of Contracts as those in which the beneficiary is a donee, that is, where the purpose of the promisee is to make a gift to the beneficiary, and those in *Page 592 
which the beneficiary is a creditor of the promisee. Section133. The beneficiaries of the insurance policy in suit are donee beneficiaries within this classification. "Unless the power to do so is reserved, the duty of the promisor to the donee beneficiary cannot be released by the promisee or affected by any agreement between the promisee and the promisor." Section 142. To the same effect is Williston, Contracts § 396. But in a note in81 A.L.R. 1292, it is said, "According to the weight of authority the parties to a contract entered into for the benefit of a third person, may rescind, vary or abrogate the contract as they see fit, without the assent of the third person, at any time before the contract is accepted, adopted or acted upon by him." No distinction is drawn by the author of the annotation between promisee for the benefit of a donee beneficiary and those in which the beneficiary is a creditor, but the cases cited by him involving donee beneficiaries do not seem to support the rule stated in the annotation.
In Peoples Bank and Trust Co. v. Weidinger,73 N.J. Law 433, our Supreme Court held that a promise by the father of illegitimate children, based on a consideration moving from their mother, that he would make certain provision for them in his will, "remained revocable until acted upon by the other parties." The consideration was a promise by the mother to be performed after the father's death. The rule which may be deduced from this case is limited to contracts for which the consideration is wholly executory and does not apply to an insurance policy issued in consideration of the initial premium. The revocation which the court held effective was the unilateral act of the promisor without acquiescence of the promisee. If the decision were followed in insurance cases, the insurer could repudiate the policy at will unless proof were made that insured or beneficiaries had acted upon it, and of course no one would advance such a proposition.
Our earliest case on the rights of insurance beneficiaries isLandrum v. Knowles, 22 N.J. Eq. 594. A mother had procured insurance on the life of her husband for the use of their children. Some years later she assigned the policy to a creditor who thereafter paid the premiums. Upon the death of *Page 593 
the husband, the children claimed the proceeds of the policy on the ground that it was made for their benefit and that the gift having been completely executed by their mother, could not be revoked by her. The assignee contended that, as the consideration moved exclusively from the mother, the children could not acquire any interest in the policy as against her or her assigns. The court held that each premium payment by the mother constituted an executed gift and that the children were entitled to so much of the proceeds as equaled the cash value of the policy when the mother stopped premium payments. The court also held, "that the acquisition of a further interest by the payment of sufficient premiums, was altogether executory and voluntary and that such interest was not acquired by her and cannot be claimed by her beneficiaries." And so the balance of the proceeds was awarded the assignee.
If this case be applied to the present litigation, I must hold that each premium paid by complainant has constituted an executed gift to the beneficiaries, and that upon the death of complainant they will be entitled to the present surrender value of the policy, provided of course the policy remains in force. If no more premiums are paid, it would seem a proper extension of the rule that the beneficiaries would be entitled to all the proceeds, that is, the amount of insurance which the present reserve will buy. Our more recent decisions based upon newer policy forms, are equally favorable to the beneficiaries. Two interested parties to a policy are recognized, with rights therein determined by the policy contract, the insured and the beneficiaries. Each party may exercise or assign his right and interest in the policy; but neither can assign anything except his own interest or can impair the rights of the other. The title of the beneficiaries can be defeated only in accordance with the policy and in the manner thereby prescribed. Sullivan v.Maroney, 76 N.J. Eq. 104; 77 N.J. Eq. 565. Mr. Justice Parker there distinguished Landrum v. Knowles, on the ground that the policy there involved made no specific separation between the two sets of interest and no distinction between assignment and change of beneficiary. "In the Landrum Case, there was only one *Page 594 
beneficial interest contemplated by the policy; here there are two. In the Landrum Case, the word `assignment' fairly covered any transfer of rights in the policy; here a change of beneficiary is specifically so treated and subjected to a special procedure." The rule that the insured cannot nullify the interest of a beneficiary named in his policy, except pursuant to the policy provisions, has been reiterated in Anderson v. BroadStreet National Bank, 90 N.J. Eq. 78; 91 N.J. Eq. 331, andPrudential Insurance Co. v. Swanson, 111 N.J. Eq. 477.
Complainant seeks to avoid the effect of these decisions on the ground that when the policy was issued the two infant defendants had not been born, and that their interest in the policy at the present time is contingent upon their surviving their mother, as well as their grandfather, the insured. I do not agree that the rights of the infants are contingent; they seem to me vested, although defeasible by death before the time for enjoyment shall arrive. But whether called contingent or vested, can make no difference. The interest of the beneficiaries which was protected in the Sullivan and Anderson Cases, was conditional upon surviving the insured, while in the Swanson Case, the policy was payable to the beneficiary only in the event the insured died within twenty years. See, also, Whitehead v. Burgess,61 N.J. Law 75.
Complainant does not seek to have his present policy made payable to new beneficiaries. He wants to surrender it for a paid-up policy in which the new beneficiaries shall be named. The policy contains a provision that in case of default in payment of any premium, the "Holder" may elect to take paid-up insurance for such an amount as the then cash value of the policy will purchase. "Such insurance * * * shall be payable at the same time and on the same conditions as the original contract." Complainant may exercise, without regard to the beneficiaries, whatever rights the contract gives him. He can default in the payment of the premium and demand a paid-up policy, for complainant is the holder of the policy to whom is given the right of election.Kelly v. New England Mutual Life Insurance Co., 32 Fed. Rep.
2d 811; 52 Fed. Rep. 2d 9; Browne v. John HancockMutual Life *Page 595 Insurance Co. (Pa.), 180 Atl. Rep. 746. But the paid-up policy must be in favor of the same beneficiaries as the present policy, for such seems the proper construction of the contract. Complainant cannot defeat the beneficiaries by any act of his unless pursuant to the policy provisions. Locomotive Engineers,c., Association v. Winterstein, 58 N.J. Eq. 189.
I would note that the bill does not show a new agreement affecting the rights of the beneficiaries but rather an attempt by the insured to compel the insurer to enter into a new agreement. So we have to consider not only the beneficiaries but the right of the company to decide for itself what insurance contracts it will or will not make. When an insurer has bound itself to issue a new policy at the option of the insurer, the insurer must do, but that is not the situation here. The defendant company is under no obligation to issue the policy which complainant demands. The principle that a contract is a voluntary act of the parties, needs no citation of authorities. It was applied to a situation like the present in SupremeCouncil, American Legion of Honor, v. Smith, 45 N.J. Eq. 466.
The court cannot compel the defendant company to issue the desired policy.
The bill will be dismissed.