WOODBURY F. HOWARD, administrator, *vs.* MABEL K. WILLIAMS.

Middlesex.    October 8, 1942. — December 1, 1942.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Fraternal Benefit Society.*

A sister of a member of a fraternal benefit society, originally named as his beneficiary, was not entitled to a mortuary payment upon his death where he had substituted his wife as beneficiary without fraud upon the sister and there was no trust or contract in favor of the sister.

BILL IN EQUITY, filed in the Superior Court on June 21, 1940, by Ellen G. Williams, and after her death prosecuted by the administrator of her estate.

The plaintiff administrator appealed from a final decree dismissing the bill, entered by order of *Leary*, J., following the confirmation of a master's report.

*W. F. Howard*, for the plaintiff.

*W. S. Kenney*, for the defendant.

LUMMUS, J.   The plaintiff's intestate, Ellen G. Williams (hereinafter called the plaintiff), was the sister of the late Thomas R. Williams, who died April 17, 1940, and the defendant is his widow.   Before his marriage in 1923, Williams became a participating member of the Employed Officers' Alliance of the Young Men's Christian Associations of North America, a fraternal benefit society.   In consideration of periodical contributions, his beneficiary, who was the plaintiff, was to become entitled to a payment at his death.   These contributions were made by the plaintiff, but out of the earnings of Williams deposited in a bank in the name of the plaintiff.   About April 6, 1940, shortly before

his death, Williams revoked the designation of the plaintiff as his beneficiary, and made the defendant his beneficiary. A new certificate of membership was issued accordingly. The bill in this case seeks to obtain the proceeds of the certificate for the estate of the plaintiff.

A master found that there was no contract or trust in favor of the plaintiff with reference to the certificate or its proceeds. He found that the defendant did not take the certificate or its proceeds in trust for the plaintiff. He found that the change of beneficiary was not a fraud upon the plaintiff. After the confirmation of the master's report, a decree was entered dismissing the bill. The plaintiff administrator appealed. Upon the findings made, we think that the decree below was right. The Alliance in this case was a fraternal benefit society, and there is nothing to show that the beneficiary first named could not be changed. *Supreme Council of the Royal Arcanum* v. *Behrend,* 247 U. S. 394, 399. *Kochanek* v. *Prudential Ins. Co.* 262 Mass. 174, 178.

*Decree affirmed with costs.*