LOTTIE ROWEN *vs.* HAZEL MARIE KIEWLICZ & another.[1] February 23, 1976. This appeal involves a complaint brought to resolve the conflicting claims of the plaintiff, the mother of the decedent, and the individual defendant (Hazel), his widow, to the proceeds of two certificates of insurance in a group life insurance plan. The insurance company has withheld payment of the proceeds pending this determination. On the eve of his marriage the decedent executed a form requesting that the beneficiary be changed from the plaintiff, who had been the named beneficiary under both certificates, to Hazel. The form which he used to make the change could be used to effect a change of beneficiary on one or more certificates. Although the form provided a space in which to identify the underlying policy by number, that space and the space provided for the insertion of the numbers of the certificates held by the decedent were left blank. In this case the defendant has the burden of proving a valid change of beneficiary. *Kochanek* v. *Prudential Ins. Co.* 262 Mass. 174, 179 (1928). The sole issue for our decision is whether the defendant met that burden. The case was tried before a judge, sitting without jury, who, on documentary evidence and conflicting testimony, found that it was the intention of the deceased to effect a change of beneficiary under both certificates from the plain-

---

[1] Boston Mutual Life Insurance Company.

Rescript Opinions.

tiff to Hazel and that the formalities required under the policies to make such a change had been performed. Those findings were warranted by the evidence, and we cannot say they were clearly erroneous. Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). See *Marlow* v. *New Bedford,* 369 Mass. 501, 508 (1976).

*Judgment affirmed.*

*Thomas B. Shea* for the plaintiff.
*Paul E. Sheehan* for the defendant Hazel Marie Kiewlicz.