IDS Life Insurance Company *vs.* Donald Senna & others. May 8, 1980. When the trial judge allowed a motion for summary judgment in favor of certain defendants, he implicitly ruled that Joseph Senna's change of beneficiary form was in "substantial conformance with the policy requirements." *Resnek* v. *Mutual Life Ins. Co.*, 286 Mass. 305, 309 (1934). Senna, the decedent and owner of an annuity contract issued by the plaintiff, was aided by a district manager of the plaintiff in preparing and executing a form designed to effectuate a change in the designation of a beneficiary. The change was not recorded when received by the plaintiff at its home office because the decedent had indicated that each beneficiary should receive a dollar amount instead of a fractional interest. Since the annuity was of the variable genre, its value fluctuated. Consequently, it was preferable that the amounts payable to the beneficiaries be specified as percentages of the annuity's value at the time of the decedent's death rather than as dollar amounts. By the time that the form had been returned by the plaintiff's home office through its district manager, the decedent had died.

The decedent had "done everything possible to conform to the terms of the insurance contract." *Kochanek* v. *Prudential Ins. Co. of America*, 262 Mass. 174, 178 (1928). All that was required for ascertaining the amounts payable if the contract's value were different from the value

assumed by the decedent was rudimentary arithmetic. In all other respects, the change of beneficiary form was in order.

*Judgment affirmed.*

*Stephen J. Amaral & John A. Halloran* for Donald Senna & others.
*John A. Birknes, Jr.,* for Helen Andrade & others.