JOHN D. EDINBURG & others[1] *vs.* MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY & another.[2] May 19, 1986. *Practice, Civil,* Summary judgment, Injunctive relief. *Insurance,* Life: change of beneficiary.

This is the last of the appeals in the Edinburg litigation. The judge allowed the plaintiffs' motion for summary judgment pursuant to Mass.R.Civ.P. 56(a), 365 Mass. 824 (1974). A judgment was entered declaring that the three plaintiffs had been lawfully designated as the primary beneficiaries on two policies of life insurance issued by Massachusetts Mutual Life Insurance Company on the life of their father, Joseph M. Edinburg. The defendant Dorothy B. Edinburg, the plaintiffs' mother and Joseph's wife, has appealed.[3] We affirm the judgment.

[1] Hope Edinburg and Jo-Ann Edinburg Pinkowitz.

[2] Dorothy B. Edinburg.

[3] The defendant Massachusetts Mutual Life Insurance Company is the stakeholder in the case and was allowed to pay into court, pursuant to its claim for interpleader and motion to pay money into court, the sums due under the two insurance policies.

1. The defendant Dorothy B. Edinburg argues that she could not adequately oppose the plaintiffs' motion because the judge improperly denied her the opportunity to obtain discovery necessary to frame any opposition. We decline to consider the arguments because they were not raised in the trial court at the hearing on the motion, see *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 88 (1977), and cases cited, or by means of an affidavit seeking to invoke the protection provided by Mass.R.Civ.P. 56(f), 365 Mass. 825 (1974). See *A. John Cohen Ins. Agency* v. *Middlesex Ins. Co.*, 8 Mass. App. Ct. 178, 183-184 (1979). See also *Slaven* v. *Salem*, 386 Mass. 885, 890 (1982); *United States Trust Co.* v. *Herriott*, 10 Mass. App. Ct. 313, 318 (1980). We note that at the hearing on the motion counsel for this defendant advised the judge on several occasions of his opinion that the case was appropriate for summary judgment because it presented only questions of law.

2. The affidavits and other materials filed in support of the plaintiffs' motion disclose the following undisputed facts. In January and August, 1960, Joseph M. Edinburg acquired two life insurance policies from the Massachusetts Mutual Life Insurance Company. In 1963, he changed the primary beneficiary of the policies from his wife, the defendant Dorothy, to the executors or administrators of his estate. In January, 1981, Dorothy filed for a divorce from Joseph. He countered shortly thereafter with his own complaint for divorce. In April, 1981, Joseph decided to change the beneficiaries on both policies in order to name his three children as primary beneficiaries. He made contact with his insurance agent in order to effectuate the change. On May 20, 1981, Joseph executed a change of beneficiary form covering both policies. The form was delivered to the agent on May 21, 1981, and given that same day to the employee of the insurer who acted as a liaison between the insurance agency and the insurer for such changes. On May 29, 1981, a judge of the Probate and Family Court Department entered a restraining order in the divorce cases which, among other things, prohibited both Joseph and Dorothy from "transferring . . . any and all intangible personal property" in which either party had any legal or beneficial interest. Notice of the precise terms of the restraining order was received by Joseph's counsel in the divorce cases on June 1, 1981. On the same day, the change of beneficiary form was received and recorded with the insurer. One policy provides that "[n]o change of beneficiary will take effect until such request is received at the Home Office. When such request is received, the change will relate back to and take effect as of the date the request was signed . . . ." The other policy provides that "any . . . change [of beneficiary] shall become operative only when endorsed upon the policy at the Home Office . . . ." Joseph died on February 16, 1983.[4]

---

[4] The parties and the judge have assumed that Dorothy had an interest in Joseph's estate which would give her interest in the policies under the prior designation of beneficiary. They have also assumed that the terms of the restraining order are broad

When Joseph executed the change of beneficiary form, he acted pursuant to the terms of the policies. He was not violating any court order when he did so because no order prohibiting a change had been entered. Cf. *Briece* v. *Briece*, 703 F.2d 1045, 1047 (8th Cir. 1983). Further, assuming that it would be material, there is nothing to show that Joseph had any knowledge that a restraining order would enter nine days after he executed the form. In fact, Joseph had no notice of the precise terms of the restraining order until the day the change form was received and recorded by the insurer. To the extent that the insurer's receipt of the form on the date the order was entered might be considered a material fact, we apply by analogy the decisions involving the validity of beneficiary changes in cases in which the insured dies prior to the insurer's receipt of the change form. These cases hold that the absence of a merely formal act by the insurer prior to the insured's death will not prevent the effectiveness of a change of beneficiary as long as the insured has substantially complied with the policy provisions governing a change. See *Resnek* v. *Mutual Life Ins. Co.*, 286 Mass. 305, 309 (1934), and cases cited; *IDS Life Ins. Co.* v. *Senna*, 9 Mass. App. Ct. 917 (1980). In the circumstances, the plaintiffs were entitled to the summary judgment they sought.

3. The judgment is affirmed. The plaintiffs' motion for counsel fees in connection with the appeal is allowed. The plaintiffs are to recover appellate counsel fees in the amount of $1,500 and double costs. Both sums are to be contained in an execution against Dorothy B. Edinburg to issue from the Middlesex Division of the Probate and Family Court Department.

*So ordered.*

BROWN, J. (concurring). As the majority opinion makes perfectly plain, the contention of the defendant Dorothy Edinburg is a "clearly independent issue raised here for the first time." *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 88 (1977). I thus am amazed that counsel presses so hard on appeal. I am, however, even more troubled by the fact that counsel has made the argument at all. On the contrary, not only is the record completely void of any reference to Mass.R.Civ.P. 56(f), 365 Mass. 825 (1974),[1] it reflects counsel's representation to the court that the case was appropriate for summary judgment because it presented only questions of law. This "need for discovery" contention seems at most to be an afterthought. As I have said, much too often, there must be ethical as well as professional limits on how far a lawyer should go in attempting to resuscitate a hopeless issue. See *Kennedy* v. *Kennedy*, 20 Mass. App. Ct. 559, 564 (1985) (Brown,

---

enough to prohibit a change of beneficiary on the policies. In deciding the appeal, we accept these assumptions.

[1] "A party *must* resort to [Mass.R.Civ.P. 56(f)] when it is opposing summary judgment and is unable to present a sufficient affidavit because the necessary facts or evidence are possessed or controlled by the moving party" (emphasis supplied). *A. John Cohen Ins. Agency* v. *Middlesex Ins. Co.*, 8 Mass. App. Ct. 178, 183 (1979).

J., concurring). This time it appears that counsel has gone too far. See S.J.C. Rule 3:07, Canon 1, DR 1-102(A)(5), as appearing in 382 Mass. 770 (1981). See also S.J.C. Rule 3:07, Canon 7, DR 7-102(A), as appearing in 382 Mass. 785 (1981). I enthusiastically support the award of counsel fees and double costs of appeal. See *Farm Constr. Serv., Inc.* v. *Robinson*, 21 Mass. App. Ct. 955, 956 (1986), and cases cited.

*Geoffrey D. Wyler* for Dorothy B. Edinburg.

*George S. Abrams* (*Peter J. Sonnabend* with him) for the plaintiffs.

*Joseph H. Skerry, III*, for Massachusetts Mutual Life Insurance Company.