## WYATT v. WYATT et al.
### No. 7879.

Court of Civil Appeals of Texas. Austin.
July 26, 1933.

Rehearing Denied Sept. 27, 1933.

Cecil H. Barnes, of San Angelo, for appellant.

Upton & Upton and Charles Russell, all of San Angelo, for appellees.

BLAIR, Justice.

Appellant, Mrs. Miles Wyatt, sued appellee Mrs. Ellie Wyatt, her husband, O. P. Wyatt, and the Central National Bank of San Angelo, alleging that she was the widow of Miles Wyatt, deceased; that his life was insured by the San Angelo Progressive Mutual Aid Association for $2,000, with his mother, Mrs. Ellie Wyatt, named as beneficiary in the certificate of insurance; that when the certificate was issued Miles Wyatt was unmarried, but later married appellant. That on December 23, 1931, and numerous occasions thereafter, Miles Wyatt and appellant requested Mrs. Ellie Wyatt to deliver the certificate of insurance so that Miles Wyatt might change the beneficiary from his mother to his wife; that appellee stated that the certificate had been misplaced by her, but that she would find it and deliver it to Miles Wyatt so that he might surrender it and obtain a new certificate, naming his wife as beneficiary therein; that such statements were false and fraudulent, and made for the purpose of preventing Miles Wyatt from changing the beneficiary; that on February 12, 1932, Miles Wyatt procured from the insurance association an affidavit form to be signed by himself and Mrs. Ellie Wyatt, to the effect that the original insurance certificate was lost; that the purpose of the execution of the affidavit was to procure a change

in the beneficiary as above alleged; but that Mrs. Ellie Wyatt refused to sign the affidavit, stating that she would produce the original certificate, which she did not do, intending thereby to defraud and deceive Miles Wyatt and prevent him from changing the beneficiary in the certificate. That after the death of Miles Wyatt on February 25, 1932, Mrs. Ellie Wyatt, on February 27, 1932, delivered the certificate to the insurance association and collected the $2,000 of insurance, and deposited same in the defendant bank to her credit. Appellant prayed for the recovery of the insurance, with interest.

The defendant bank deposited the money into the registry of the court and was by agreement dismissed from the suit. At the conclusion of appellant's testimony the trial court instructed a verdict, and accordingly rendered judgment for appellee; hence this appeal.

It seems that the verdict was instructed upon the grounds: (1) That the by-laws of the association required the surrender of the old certificate and the issuance of a new one, with payment of small fee to effectuate a valid change of beneficiary, which was not done; and (2) that the evidence showed as a matter of law that appellee had not prevented a valid compliance with the by-laws of the association with respect to change of beneficiary.

▮ It is generally held that the regulations concerning the method of change of beneficiary is for the protection of the association, and that if it recognizes an irregular change of beneficiary before the death, or in some instances after the death of the insured, then the original beneficiary without any vested interest in the certificate of insurance cannot question the sufficiency of the change. But the general rule seems to be otherwise where no actual change was made prior to the death of the insured or member, or where the association or society had not, before the death of the insured or member, assented to the irregular change. 45 C. J. 212, 213, § 166, and cases there cited. This general rule is, of course, subject to several well-defined exceptions, one of which is applicable to the facts of this case. It is that if the member or insured has expressed a clear intention of making a change of beneficiary and made a bona fide effort to effect the change, and fails to surrender the original certificate and have a new one issued only because such original certificate is in the possession of the original beneficiary, who refused to surrender it, or who by fraud and deceit leads the member or insured to believe that she will comply with his request to deliver the certificate to him for surrender to the association, until after the death of the insured or member, the original beneficiary will not be thus allowed to take advantage of her own wrongdoing in preventing a substantial compliance with the requirements for a valid change of beneficiary, under the doctrine of equitable estoppel. Delaney v. Delaney, 175 Ill. 187, 51 N. E. 961; Jory v. Supreme Council, 105 Cal. 20, 38 P. 524, 26 L. R. A. 733, 45 Am. St. Rep. 17; 45 C. J., 214; 14 R. C. L., 1392–93, and cases cited by these texts. And while we find no Texas case dealing directly with insurance matters, still the rule is so well settled that equity will not permit one to take advantage of his or her own wrongdoing to the injury of another as not to require the citation of authorities.

▮ We have therefore reached the conclusion that the pleadings and testimony of appellant clearly raised the jury issue as to whether the refusal of appellee, Mrs. Ellie Wyatt, to deliver the certificate of insurance in question to Miles Wyatt, and her refusal to sign the affidavit of loss of the original certificate with the promise that she would produce the certificate, were done for the fraudulent and deceitful purpose of preventing the change of beneficiary by the insured. An affirmative answer to the issue would estop her from asserting a noncompliance with the by-laws of the association for a valid change of beneficiary.

Briefly the evidence adduced by appellant in support of these issues showed that the deceased repeatedly, after his marriage with appellant, requested his mother, Mrs. Ellie Wyatt, to deliver him the original certificate of insurance in order that he might surrender it to the association and obtain a new certificate with change of beneficiary therein; that she claimed to have misplaced it; that she refused to sign the affidavit that it was lost, and promised to find it and deliver it to deceased in time to effect a change of beneficiary, but did not do so; and that on the day after the death of her son she delivered the original certificate to the association and collected the insurance as the beneficiary named therein.

▮ The mere fact that Miles Wyatt did not tell the agent of the association, who prepared the affidavit form as to loss of the original certificate, that he was executing it for the purpose of obtaining a change of beneficiary is not conclusive evidence that he did not intend to do so. This evidence and the evidence with regard to Mrs. Ellie Wyatt's paying the premiums on the insurance merely tends to establish the defense of appellee that Miles Wyatt never intended to make a change of beneficiary.

The judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.