## WYATT v. WYATT et al.
### No. 8449.

Court of Civil Appeals of Texas. Austin.

April 28, 1937.

Rehearing Denied May 12, 1937.

Cecil H. Barnes, of San Angelo, for plaintiff in error.

Upton, Upton & Baker, of San Angelo, for defendants in error.

BLAIR, Justice.

The parties will be designated as appellant and appellees.

This is a second appeal of this case. On the former appeal, 63 S.W.(2d) 268, this court reversed the trial court upon the ground that the instructed verdict was not authorized. In reversing the case, this court held that the pleadings and proof of Mrs. Miles Wyatt, the wife of deceased, Miles Wyatt, raised a jury issue as to whether the refusal of appellee Mrs. Ellie Wyatt to deliver the certificate of insurance in question to Miles Wyatt, before his death, and her refusal to sign the affidavit of loss of the original certificate, with the promise that she would procure the original certificate, were done for the fraudulent and deceitful purpose of preventing the change of herself as beneficiary in the policy to appellant, Mrs. Miles Wyatt.

It appears that after the case was remanded several special exceptions were addressed to the pleadings, which were sustained by the trial court, and, after sustaining the several special exceptions, the trial

court permitted the attorney for appellant, Mrs. Miles Wyatt, to file amended original petitions. This procedure took place seven times; and the case went to trial upon the seventh amended original petition of appellant. On the trial, appellant's counsel refused to further amend after several special exceptions were sustained, and insisted upon trial of the case on what was left of the petition; whereupon the trial court sustained a general demurrer to the petition and dismissed the suit. This appeal is from the judgment of dismissal.

The petition alleged the same controlling facts as the basis for the cause of action as were alleged by the petition on the former appeal of this case. 63 S.W.(2d) 268. In brief, the petition alleged that Miles Wyatt's certificate of life insurance was in the possession of his mother, appellee Mrs. Ellie Wyatt; that after Miles Wyatt married appellant, Mrs. Miles Wyatt, he told his mother that he wished to make his wife beneficiary of the insurance in question; that Mrs. Ellie Wyatt promised that she would deliver the policy to him, so that it might be surrendered for the purpose of obtaining a duplicate certificate with change of beneficiary, but represented to him that the policy was lost, but not to worry, that she would continue to search for same and would deliver it to him; that the policy was not lost, and that Mrs. Ellie Wyatt knew that these representations were false, and were made for the purpose of deceiving Miles Wyatt and inducing him to wait upon her to find the policy; that, believing the policy was lost as represented by appellee Mrs. Ellie Wyatt, Miles Wyatt secured a form or an instrument from the insurance association for the purpose of obtaining the signature of appellee Mrs. Ellie Wyatt thereto, and so as to obtain and secure a duplicate policy in which his wife, appellant, would be named as beneficiary, in accordance with the by-laws of the insurance association; that appellee Mrs. Ellie Wyatt refused to sign the form or instrument presented to her, but stated in refusing to do so that she believed she could find the original policy, and would again look for it, and continued to make the representation that she was looking for the policy until the death of her son, the insured, Miles Wyatt; that the policy was not lost during all of these times, but was in the possession of Mrs. Ellie Wyatt; and that she made the false representations for the purpose of preventing the change of herself as beneficiary to appellant, the wife of the deceased, Miles Wyatt; that Miles Wyatt died on February 25, 1932, and that appellee Mrs. Ellie Wyatt, on February 27, 1932, delivered the certificate to the association and collected the $2,000 of insurance thereon; that the balance of the insurance in controversy, a little more than $1,400, was deposited in the registry of the court pending the outcome of this suit.

These allegations are entirely similar to those contained in the petition on the former appeal, and the trial court erred in dismissing the suit. In volume 20, p. 135, § 91, Texas Jur., the rule as to the sufficiency of facts alleged to support a cause of action based upon fraud is stated as follows: "If a general rule can be stated it may be said that the petition is sufficient when the allegations show clearly the devices and misrepresentations that were adopted to bring about the alleged deceit. A general charge or statement of each material fact is sufficient; it is not necessary minutely to charge all the circumstances that may conduce to prove the general charge, for circumstances are properly matters of evidence." See, also, same authority, p. 140, § 93; Oliver v. Chapman, 15 Tex. 400.

The facts alleged as above detailed and remaining in the seventh amended original petition, and not deleted by the sustaining of the several special exceptions, clearly bring this case within the quoted rule.

The judgment of dismissal is reversed, the cause of action is reinstated and remanded for trial upon the merits.

Judgment of dismissal reversed; Cause reinstated and remanded.