ACACIA MUTUAL LIFE INSURANCE COMPANY *vs.* GOLDIE SEDAR FEINBERG & others.

Suffolk.    May 3, 1944. — September 13, 1944.

Present: FIELD, C.J., QUA, RONAN, & WILKINS, JJ.

*Equity Pleading and Practice,* Findings by judge.

In a suit in equity "submitted on the pleadings and . . . argued by counsel" without "evidence . . . [being] adduced by any party," a decree based on findings by the judge of facts alleged in the bill but denied in the answer and of facts not alleged in any pleading was reversed on appeal.

BILL IN EQUITY, filed in the Superior Court on November 4, 1943.

The suit was heard by *Hammond,* J.

*H. Bergson,* for the defendant Goldie Sedar Feinberg.

*H. M. Pakulski,* (*M. H. Slobodkin* with him,) for the defendants Archibald I. Feinberg and others.

Qua, J. This is a bill to require the defendant Goldie Sedar Feinberg and the other defendants, described as trustees of "the Feinberg Estate," a voluntary association, to interplead in order to determine their rights as claimants to the proceeds of a policy of life insurance issued by the plaintiff. The bill raises the question whether an attempted change of beneficiary by the insured in his lifetime from Goldie Sedar Feinberg to the trustees was valid. The judge entered a final decree in favor of the trustee claimants, and Goldie Sedar Feinberg filed a bill of exceptions and also appealed.

The practice in this case has been confused, and it may be that the record does not fully disclose all that took place before the judge; but we must take it as we find it. The claimant Goldie Sedar Feinberg answered the bill in detail admitting some of its allegations but stating her ignorance as to many others necessary to support the decree and leaving the plaintiff to prove the same. Under Rule 29 of the Superior Court (1932) the allegations last mentioned must be treated as having been denied. She closed her answer with a claim for the fund. The trustee claimants answered admitting all allegations of the bill and claiming the fund. At this stage of the case the claimant Goldie Sedar Feinberg filed an anomalous motion entitled "Motion for Final Decree" wherein she moved that "on the pleadings a final decree be entered in her favor." From the bill of exceptions it appears that at the hearing on this motion "No evidence was adduced by any party," but that "This case was submitted on the pleadings and was argued by counsel." In view of the language just quoted it cannot be assumed that any admissions not contained in the pleadings were made at this hearing, or that any statements of counsel were accepted by common consent in lieu of evidence. See *Boucher* v. *Hamilton Manuf. Co.* 259 Mass. 259, 267. The bill of exceptions further states that the judge found all the facts set forth in the plaintiff's bill to be true. This includes the facts denied in the answer of Goldie Sedar Feinberg. The judge also found other material facts not stated in any pleading.

· It is unnecessary to determine whether the proceeding in the Superior Court upon the motion of the claimant Goldie Sedar Feinberg "for final decree" can be treated as equivalent to a hearing on the bill and answers.[1] See Rule 31 of the Superior Court (1932). Whatever may have been the effect of this motion, if it had any, the bill of exceptions shows that the judge found adversely to the claimant Goldie Sedar Feinberg material facts which she had denied in her answer and which were not proved by any kind of evidence, and that the decree was based upon these facts. The decree cannot stand. *Polish Political Club* v. *Cloper*, 260 Mass. 559, 562.

It is unnecessary to deal separately with the appeal.

The exceptions are sustained. The final decree is reversed. The "Motion for Final Decree" of Goldie Sedar Feinberg is to be denied, and the case is to stand for further proceedings in the Superior Court. The appeal is dismissed.

*So ordered.*

---

[1] For the effect of setting down a case for hearing on bill and answer, see *Joslin* v. *Boston & Maine Railroad*, 274 Mass. 551; *Karcher* v. *Burbank*, 303 Mass. 303. Facts denied in the answer cannot be taken as true.