ACACIA MUTUAL LIFE INSURANCE COMPANY *vs.* GOLDIE SEDAR FEINBERG & others.

Suffolk.     April 2, 1945. — May 8, 1945.

Present: FIELD, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Insurance,* Life: change of beneficiary.

A conclusion, that the insured under a life insurance policy had not done all in his power to accomplish a change of beneficiary nor substantially complied with a provision of the policy that such a change should not be effective unless made in writing to the insurer and endorsed by it on the policy, was proper where it appeared that the policy was in the possession of the insured's wife, the beneficiary named therein, who refused his demand to return it to him, and that, after filing with the insurer an affidavit setting forth his desire to make a change of beneficiary, his demand on his wife and her refusal, and after being advised by an attorney to bring suit against his wife for a return of the policy, he did nothing further to effect the change up to the time of his death some months later; and consequently on his death the wife was entitled to the proceeds.

BILL IN EQUITY, filed in the Superior Court on November 4, 1943.

The second hearing of the suit was by *O'Connell, J.*

*H. M. Pakulski*, for Archibald I. Feinberg and others.

*H. Bergson*, for Goldie Sedar Feinberg.

DOLAN, J.   This is a bill to require the defendant Goldie Sedar Feinberg, and other defendants described as trustees of the "Feinberg Estate," a voluntary association, to interplead in order to determine their rights in the proceeds of a policy of life insurance issued by the plaintiff.   When the case was here before, 317 Mass. 8, exceptions of the defendant Goldie were sustained and the final decree that had been entered in favor of the defendant trustees was reversed, and it was ordered that the case stand for further proceedings in the Superior Court.   In accordance with an interlocutory decree entered by the judge, the plaintiff, hereinafter referred to as the insurer, paid the amount due on the policy into court, and after further proceedings the judge entered a final decree adjudging that the defendant Goldie (the wife of the insured and the beneficiary named in the policy) was entitled to the proceeds of the policy and ordering payment thereof by the clerk of the court accordingly. The defendant trustees appealed.

The evidence is reported and the judge, upon being requested to report the material facts found by him, adopted as such all the facts previously found by him in a "Memorandum of Findings and Order for Decree." This was a sufficient compliance with G. L. (Ter. Ed.) c. 214, § 23.   See *Birnbaum* v. *Pamoukis*, 301 Mass. 559, 562.

Material facts found by the judge and those we find ourselves may be summed up as follows: Benjamin Feinberg, the husband of the defendant Goldie, died July 17, 1943. A policy of insurance upon his life in the amount of $5,000 issued by the insurer on March 1, 1927, became payable upon his death.   The defendant Goldie was named as beneficiary in the policy under which the insured had reserved the right to change the beneficiary.   The policy contained a provision that the insured "may change any beneficiary not irrevocably designated . . . provided that no such designation or change shall be effective unless made in writing to the Association and endorsed hereon by the

Association prior to the time when this policy shall become payable." The "Feinberg Estate" is an association of relatives "in direct or collateral descent from the grandmother" of the insured. It was formed in 1916, the general purposes being to provide relief by loans of money or gifts to relatives who might be in financial distress, and to promote social relations among the relatives. In August, 1942, the insured took steps to have the name of the beneficiary changed from that of his wife to "Feinberg Estate." At that time he conferred with the manager of the Boston office of the insurer, disclosed his intention to change the beneficiary, and acting upon the manager's advice sought unsuccessfully to secure possession of the policy which was held by his wife. On December 4, 1942, he filed an affidavit with the insurer setting forth that he had made demand on his wife for the return of the policy and that he wished to have the name of the beneficiary changed from that of his wife as before set forth, but that his wife refused to deliver the policy to him. The affidavit was made in accordance with the advice and at the direction of the insurer's manager, who, however, did not receive and file it with any purpose to waive the requirements of the policy.[1] On the same day, acting through an attorney at law who had assisted him in preparing that affidavit, he made written demand upon his wife for the return of the policy. His wife by a writing signed by her attorney refused to return it, claiming ownership thereof. On or about December 4, the insured had consulted his attorney and discussed with him the subject of bringing a bill in equity to compel the surrender of the policy. A retaining fee was suggested by the attorney, but it was not paid by the insured. A few days later the insured arranged for a conference with his three sons at which he asked them to aid him in persuading his wife, their mother, to surrender the policy to him. They refused to do so, expressing the view that his desire to change the beneficiary was against the rights of their mother

---

[1] One of the conditions of the policy is that no "condition, provision or privilege of this policy can be waived or modified except by an endorsement hereon signed by the president, a vice-president, the secretary, an assistant secretary, the actuary, or an assistant actuary."

and also at variance with prior sentiments of the insured expressed by him with reference to the "Feinberg Estate." There was evidence that the insured's wife and his sons were hostile to those who directed the affairs of the "Feinberg Estate," and that the insured had shared that feeling prior to his taking steps to name it as beneficiary. During the seven months that intervened before the death of the insured, he took no further steps to secure possession of the policy or to effect the change of beneficiary. In the latter part of December, 1942, he took a trip to Cuba where he remained until sometime in April, 1943, when he returned to his home in Brookline. While he had been in failing health for a number of years, he was able to move about freely from the time he had been advised to bring proceedings in equity to obtain possession of the policy until his last illness, which began sometime after April, 1943. There was no evidence that his mental faculties became impaired at any time. He had always occupied the same house with his wife to whom he had been married for thirty-five years, and other than the controversy between them relative to the possession of the policy in question there was no evidence of any marital differences between them. The judge found that the insured had never made a completed gift of the policy and its benefits to his wife, that it continued to be his property until his death with the right to change the beneficiary "if the terms of the policy, as contracted for by the deceased and the insurance company, were complied with," but that they had not been complied with and that the beneficial interest therein vested as of the date of his death in the named beneficiary, the defendant Goldie.

The defendant trustees do not controvert the facts above set forth. They concede that on the evidence the judge's subsidiary findings cannot be said to be plainly wrong, and that there had not been exact compliance with the conditions of the policy respecting change of beneficiary. They argue, however, that upon the evidence the proper conclusion is that the insured substantially complied therewith, and that substantial compliance is all that is required as matter of law.

No question of waiver of the conditions of the policy relative to change of beneficiary is presented. It is settled that there must be substantial compliance with the provisions of the policy regulating that subject matter, and that it is of the essence of substantial compliance that the insured must have done all in his power to effect the change, leaving only some ministerial act on the part of the insurer necessary to consummate it. *French* v. *Provident Savings Life Assurance Society*, 205 Mass. 424, 428. *Kochanek* v. *Prudential Ins. Co.* 262 Mass. 174, 177–178. *Resnek* v. *Mutual Life Ins. Co.* 286 Mass. 305, 309–310. *Goldman* v. *Moses*, 287 Mass. 393, 397. As was said in *Henderson* v. *Adams*, 308 Mass. 333, 338, "While the court is alert to protect the interest of the beneficiary named in a policy of insurance against fraud, overreaching and undue influence on the part of others, and recognizes the right of the insured to change the beneficiaries in accordance with the terms of the policy of insurance, yet it is settled that if the insured has not sufficiently complied with the requirements for change prior to his death, his death serves to vest in the beneficiary named the right to the proceeds, and no act of the insurer or other claimants can prejudice that right." See *Wandell* v. *Mystic Toilers*, 130 Iowa, 639. In the present case we are of opinion that the evidence does not support a conclusion that the insured had done all in his power to effect a change of beneficiary. From the time that he first entertained the intention so to do, he had the benefit not only of the advice of the insurer's local manager as to the steps necessary to be taken to accomplish the change but also that of the attorney at law whom he consulted. He was advised by the latter of the appropriate remedy by which to secure possession of the policy in question for delivery to the insurer and appropriate indorsement. As before set forth, a retaining fee was named by his counsel, which the insured did not pay. After conferring with his sons a few days later, he took no further steps to effect the change, and for the seven months thereafter preceding his death he took no action to that end, and there was evidence that in that period he did not refer to the sub-

ject again. Without respect to whether it is a proper inference that he abandoned his intention to effect the change of beneficiary, on all the evidence we are of opinion that the proper conclusions are that he did not do all in his power to accomplish the change, and that there was not a sufficient compliance on his part with the conditions of the policy of insurance concerning the subject matter.

The final decree entered in the court below is affirmed, with costs to the defendant Goldie Sedar Feinberg as against the defendant trustees.

*So ordered.*