MARY S. ALFAMA *vs.* JESSIE J. ROSE & another.

Suffolk.   October 5, 1948. — February 4, 1949.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS & WILLIAMS, JJ.

*Insurance*, Life insurance: change of beneficiary.

A change of beneficiary under a life insurance policy from the wife to the daughter of the insured was effectual, although the instrument of insurance remained in the possession of the wife and the insured made no request that she surrender it but executed a declaration that it was lost, where it appeared that, even if the insured had requested the wife to surrender the instrument, she would have refused because of ill feeling between her and the daughter, and that he "did all in his power to effect the change of beneficiary."

BILL IN EQUITY, filed in the Superior Court on August 25, 1947.

The suit was heard by *Giles*, J.

*H. Katz*, for the plaintiff.

*W. L. Baxter*, for the defendant Rose.

*B. Aldrich*, by leave of court, submitted a brief as amicus curiae.

LUMMUS, J.   The plaintiff is the widow of Antonio F. Alfama, who died on August 17, 1947. He was an employee of Boston Tow Boat Company, and was insured under a policy of group life insurance by the defendant Connecticut General Life Insurance Company, which insurance was made payable to the plaintiff as beneficiary. A certificate of the insurance was issued to the insured, and was turned over to the plaintiff in 1941, and she still holds it.

Early in December, 1945, Antonio left his wife and went to live with their daughter, the defendant Jessie J. Rose. There was ill feeling between the wife and the daughter. On June 25, 1946, Antonio executed a declaration that the certificate was lost, and a request that the beneficiary be made Jessie J. Rose. A new certificate was issued on June 25, 1946, making the amount of the insurance, $1,000,

payable to the defendant Jessie J. Rose, and all prior certificates of insurance were cancelled.   But the original certificate remained in the possession of the plaintiff, and Antonio made no request of her to surrender it.   The judge found that if there had been such a request, it would have been refused because of the ill feeling.

Upon this bill to establish the right of the wife to the proceeds of the policy, the judge found the foregoing facts, and found that Antonio was of sound mind and acted freely and "did all in his power to effect the change of beneficiary."

The certificate and the provision in it for change of beneficiary are not made part of the record, by reference or otherwise.. But both the bill and the answer assume that Antonio had a right to change the beneficiary, although they do not show the requisites of such a change.   Among the papers submitted to us, but not made part of the record, is a copy of the original certificate, which contains a provision that "any employee may name a new beneficiary by completing the form provided by the insurance company for that purpose, such change to become effective upon the recording of the change on the insurance record of the employer."

The judge entered a final decree, ordering the defendant insurer to pay to the defendant Jessie J. Rose the amount of the insurance, and dismissing the bill.   The plaintiff appealed.

Even if the copy of the original certificate be treated as part of the record, we think there was no error.   It is held in many cases that a change of beneficiary is effected when the insured has done everything within his power to comply with the provisions for such change in the policy. *Kochanek* v. *Prudential Ins. Co.* 262 Mass. 174, 178.   *Resnek* v. *Mutual Life Ins. Co.* 286 Mass. 305, 309.   *Goldman* v. *Moses,* 287 Mass. 393, 397.   *Kelly* v. *Sheil,* 298 Mass. 397, 398, 399. *Acacia Mutual Life Ins. Co.* v. *Feinberg,* 318 Mass. 246, 250.   In many cases an attempted change of beneficiary has been held not to fail because the first beneficiary insisted on retaining possession of the policy with the result that it could not be surrendered for the recording of the

change as required by the policy. *Metropolitan Life Ins. Co.* v. *O'Donnell*, 11 Del. Ch. 404. *John Hancock Mutual Life Ins. Co.* v. *Bedford*, 36 R. I. 116. *Philadelphia Life Ins. Co.* v. *Mooney*, 117 N. J. Eq. 448. *New York Life Ins. Co.* v. *Cook*, 237 Mich. 303. *John Hancock Mutual Life Ins. Co.* v. *Jedynak*, 250 Mich. 88. *Kavanagh* v. *New England Mutual Life Ins. Co.* 238 Ill. App. 72. *Farley* v. *First National Bank*, 250 Ky. 150. *Brauner* v. *Corgan*, 316 Pa. 196. *Wyatt* v. *Wyatt*, (Texas Civ. App.) 63 S. W. (2d) 268. *Mutual Life Ins. Co.* v. *Burger*, (Mo. App.) 50 S. W. (2d) 765. The same result has followed where the policy was lost (*Grand Lodge of the Ancient Order of United Workmen* v. *Noll*, 90 Mich. 37), or where the insured was too ill to get it from his safe deposit box (*Barrett* v. *Barrett*, 173 Ga. 375). On this record it is immaterial that the insured represented the certificate as lost when in fact the first beneficiary was withholding it from him. *Royal Union Mutual Life Ins. Co.* v. *Lloyd*, 254 Fed. 407. *Witt* v. *John Hancock Mutual Life Ins. Co.* 246 App. Div. (N. Y.) 614.

On these principles we think that Jessie J. Rose became the new beneficiary of the insurance, and is entitled to it. The case differs from *Henderson* v. *Adams*, 308 Mass. 333, relied on by the plaintiff, in that there was nothing in that case to show that the wife of the insured was unwilling to surrender the certificate. Neither is the case governed by *Acacia Mutual Life Ins. Co.* v. *Feinberg*, 318 Mass. 246, where the insured did not do all in his power to effect a change of beneficiary.

*Decree affirmed with costs.*