Coos,
No. 5047.

JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY

*v.*

HERBERT J. SHERIDAN *& a.*

Submitted June 6, 1962.
Decided June 29, 1962.

*Walter D. Hinkley* for the plaintiff, furnished no brief.

*George H. Keough* for the defendant Sheridan.

*J. Louis Blais* for the defendant Rogers.

DUNCAN, J. When the policy which gave rise to this bill was issued in 1938, it named as beneficiary the insured's brother, Joseph Sheridan. The right to change the beneficiary was reserved by the insured, and the policy provided that the beneficiary might be changed "from time to time, by written request upon the blanks of the Company filed at its Home Office, but such change shall take effect only upon endorsement" upon the policy.

On June 11, 1946, the beneficiary was changed in accordance with these provisions, and the defendant Herbert J. Sheridan, brother of the insured, was named beneficiary. Then, or later before August 31, 1954, the policy came to his possession, where it remained. It is agreed that his claim to the proceeds is not based upon assignment or gift of the policy, but upon the ground that there has been no legal change of beneficiary since he was so named.

On August 31, 1954, the insured undertook to again change the beneficiary, executing a blank furnished by the plaintiff designating the defendant Rogers, her sister, as beneficiary. This form provided that "any provision in said policy to the contrary notwithstanding . . . this change of beneficiary shall take effect, when receipt of this instrument is acknowledged in writing thereon by the Company at its Home Office and that when so acknowledged, the change shall be operative . . . . " The form bore an acknowledgment of receipt of the change under date of September 8, 1954, over the signature of the secretary of the plaintiff. It is agreed that the insured stated to representatives of the company on August 31, 1954 that she did not know where the policy was.

The beneficiary of a life insurance policy as to which the insured has reserved the right to change the beneficiary has been said by our cases to have a contingent interest subject to defeasance by the insured; and by the Massachusetts cases, to have a vested but defeasible interest. See *Barbin* v. *Moore,* 85 N. H. 362, 367-368; 2 Williston, Contracts (Rev. *ed.*) *s.* 369. However the interest may be described, it is not disputed that it may be defeated by the insured, if proper steps are taken to effect a change in the beneficiary.

The defendant Sheridan takes the position that since the agreed facts show that the terms of the policy were not complied with, because the latest change was not endorsed upon the policy, the transaction between the insured and the insurer in 1954 was a

nullity. The cases however do not support his argument. The weight of authority is that where the insured has done all that he reasonably could be expected to do to effectuate his intention to change the beneficiary, his acts will be given effect. *Sanborn* v. *Black*, 67 N. H. 537; *Metropolitan Life Ins. Co.* v. *Sandstrand*, 78 R. I. 457; *Alfama* v. *Rose*, 323 Mass. 643; Annot. 19 A.L.R. 2d 10, 65-76; Annot. 78 A.L.R. 970, 974; see *Metropolitan Life Ins. Co.* v. *Olsen*, 81 N. H. 143, 148; *Aetna Life Ins. Co.* v. *Hartford, Nat'l. B. & T. Co.*, 146 Conn. 537.

The requirement that any change shall be endorsed upon the policy is considered to be for the benefit of the insurer rather than the beneficiary, and subject to waiver by the former. Clearly it was waived in .this case by express provision of the form furnished by the company and acknowledged under date of September 8, 1954 by its secretary, who was an officer stated by the policy to have authority to modify the policy and waive its terms and conditions.

The defendant emphasizes the fact that no demand was made upon him for the policy, and from this it is argued that the insured did not do all in her power to comply with the policy provision. *Acacia Mutual Life Ins. Co.* v. *Feinberg*, 318 Mass. 246. It will be noted however, that in the cited case, the insurer did not waive the requirement of endorsement of the policy and the insured abandoned his efforts to change the beneficiary. In the later Massachusetts case of *Alfama* v. *Rose, supra,* although it appeared that the insured had not requested his wife to surrender the policy, it was nevertheless held that he had done all that he should be required to do, because it was found that the wife would not have surrendered it.

In the case before us the requirement of endorsement upon the policy was waived. The Trial Court expressly ruled that the blank executed by the insured and the insurer "constituted a valid and binding amendment of the policy, and dispensed with endorsement of the change of beneficiary on the policy itself." In this ruling we see no error, and the Court's decree is sustained.

*Exception overruled.*

All concurred.