*Northern District*

No. 6044

**ANTHONY ERBETTA**

v.

**GIBBS OIL CO.**

*Present*: Brooks, P. J. & Yesley, J.

Case tried to *Whitney, J.* in the District Court of Central Middlesex. No. 20311.

*Brooks, P. J.* This is an action of tort to recover for property damage to plaintiff's single family dwelling on February 1, 1962

as a result of the alleged negligence of defendant, its agents or servants.

*At the trial there was evidence to prove the following*:

At about 11:00 P.M. on January 31, 1962 plaintiff observed the oil burner operating in a "puffy" manner and that the burner was giving off a "very dark and sooty" flame. He telephoned defendant and within an hour an agent of the defendant arrived and "went to work" on the burner.

The agent removed the burner from its casing and subsequently put it back. He changed a nozzle on the burner. Upon the completion of his work he told plaintiff that it would be necessary for him or some other agent to return the next day to do further work. The agent restarted the burner before leaving the premises. Meanwhile, defendant's service manager had received a report from the agent who had been at plaintiff's home the previous evening as a result of which the service manager "wanted to get a man out to the plaintiff's home to do further work" as soon as he could but he did not warn plaintiff or his wife to refrain from operating the burner until further repairs were made.

Plaintiff's wife returned home at about 2:30 P.M. on February 1 and found the house "full of smoke and soot." The agent arrived at 3:30. He made certain repairs to the burner and advised plaintiff to obtain services of an electrician to repair the wiring

connected to the burner which had been damaged.

Plaintiff himself, responding to his wife's telephone call, went home between 2:30 and 3:00 P.M. He examined the burner and observed that there had been a fire at the base of the burner "inside the casing" which enclosed the burner and boiler. and that there was no evidence of fire "outside of the casing." The 2 x 4's" on which the burner rested were charred and soaked with oil. The wiring inside the oil burner casing was "charred and burned."

Plaintiff testified that he was a registered engineer in heating and ventilating and for 25 years had been engaged in the business of installing, repairing and servicing heating, refrigeration and air conditioning systems for commercial institutions including small commerical systems similar to his home heating system and that his business experience made him familiar with his home heating system. He acknowledged that his business did not include domestic oil heating systems.

Without objection plaintiff testified that in his opinion a fire had occurred *within* the casing including the burner; that it was "an oil fire" and that in order for oil to ignite there would have to be a short circuit in the wiring or a maladjustment in the equip-

ment together with a "congregation of oil at the burner." There was further evidence that the fire started at the base of the burner; that if oil had not collected at the base there would have been no fire and that the oil seeped down over a period of time.

Plaintiff testified that the fire could have been caused in several ways including a short circuit or a "puff back" and that he thought the "puff back" was the most probable and that whatever the igniting force, an oil leak and heavy concentration of oil outside the burner caused the fire.

There was no evidence that anyone else in the household had touched the burner in question after defendant's agent left the premises upon his first call.

Defendant filed the following requests for rulings:

1. The evidence does not warrant a finding that the defendant, its agents or servants, were negligent.

2. The evidence does not warrant a finding other than that the negligence of the plaintiff contributed in whole or in part to cause the alleged injuries and damage.

3. The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damage.

4. As a matter of law the defendant breached no legal duty owed by it to the plaintiff.

5. As a matter of law, the plaintiff is not entitled to recover.

The above requests were denied. The court made a finding for plaintiff in the amount of $3,380.88.

After reciting the foregoing facts the court said:

> "I find that the fire and the consequential damage to the plaintiff's residence and its furnishings were due to the fact that the work done on the oil burner in the early morning of February 1 by the serviceman, employee of the defendant, was done in a negligent and unworkmanlike manner."

Defendant claimed to be aggrieved by the denial of its requests for rulings and by the court's findings and rulings.

Whether or not the court erred in its denial of defendant's requests for rulings depends on whether there was evidence to sustain its findings of fact, namely, that plaintiff's own testimony as to the cause of the accident was credible and that this evidence fairly indicated that defendant's agent was negligent.

No objection was raised to plaintiff's testimony as an expert. The court evidently found his testimony credible. The witness stated facts and conclusions as to what caused the fire. Evidently the court was impressed with these findings and conclusions.

In both instances, unless the court's findings and conclusions were plainly wrong, they must stand. *Kelsey v. Hampton Court Hotel Co.*, 327 Mass. 150, 152; *Adamaitas v. Met. L. Ins. Co.*, 295 Mass. 215, 221; *Loanes v. Gast*, 216 Mass. 197, 199; *Barttro v. Water-*

*town Sq. Theater, Inc.,* 309 Mass. 223, 224. ■ Plaintiff does not have to show the exact cause of the fire. *Capano v. Melchionno,* 297 Mass. 1, 8; *Bouley v. Miller,* 322 Mass. 369, 371; *Sheehan v. Gorianski,* 317 Mass. 8, 15.

*Report dismissed.*

Robert Callahan for the Defendant.

John F. Donohoe for the Plaintiff.