DOROTHY K. STILES, administratrix,[1] *vs.* ROSEMARY STILES & another.[2]

Suffolk.    November 15, 1985. — January 24, 1986.

Present: GREANEY, C.J., DREBEN, & KASS, JJ.

*Public Employment,* Death benefits, Retirement.

Under G. L. c. 29, § 31A, considered together with G. L. c. 32, § 11(2)(*c*), which limits those persons eligible for survivor's benefits under the State retirement system, the wife of a deceased State employee was entitled to payment for the decedent's accrued vacation and sick leave notwithstanding the fact that, during a previous marriage, he had designated his then wife as his beneficiary and at no time had made a change of beneficiary. [515-518]

CIVIL ACTION commenced in the Superior Court Department on June 29, 1983.

The case was heard by *Richard F. Connon,* J., sitting under statutory authority.

*John F. Rossi* for the plaintiff.

*Paul F. Markham* for Rosemary Stiles.

KASS, J. On August 2, 1971, Robert B. Stiles, a State employee, designated his then wife, Rosemary, his beneficiary for purposes of receiving benefits under the State retirement system. See G. L. c. 32. He did so on a printed form bearing the caption: "Nomination of Beneficiary/Chapter 32 of the General Laws." In 1976, Robert and Rosemary were divorced. In 1981, Robert married Dorothy. Robert died in 1983. At no time had he made a change in his designation of beneficiary. At

---

[1] Dorothy K. Stiles is the administratrix of the estate of Robert B. Stiles.

[2] The Department of Personnel Administration of the Commonwealth. The Department was originally named as a defendant. It pleaded under Mass. R.Civ.P. 22, 365 Mass. 767 (1974), interpleader, to be allowed to pay the amount in dispute into court, those funds, plus interest, to be paid to Dorothy or Rosemary as the court might direct. The interpleader was allowed.

the time of his death Robert had accrued approximately $2,000 in vacation and sick pay (how much was vacation pay and how much was sick pay is not disclosed by the record). The question presented is whether Rosemary, Dorothy, or the estate is entitled to the vacation pay and sick pay.

The trial judge, proceeding on the basis of his reading of G. L. c. 29, § 31A, and cases involving analogous disputes over life insurance proceeds,[3] concluded that the funds belonged to Rosemary, the original and unaltered designee as beneficiary. Dorothy has appealed.

There is a provision regarding accrued *vacation pay* of a deceased State employee in G. L. c. 29, § 31A(*a*), as amended through St. 1981, c. 699, § 56, which directs payment, "First: to the surviving beneficiary . . . lawfully designated by the employee under the state employees' retirement system [G. L. c. 32]; Second: If there be no such designated beneficiary, to the estate of the deceased." Subparagraph (*d*) of § 31A, provides for payment of a limited amount of accrued *sick leave credits* to employees who retire, and does not say whether and how accrued sick pay shall be paid to a survivor of a deceased employee. The parties, including the Department of Personnel Administration, proceed on the assumption that accrued sick pay shall be paid in the same manner as accrued vacation pay. They are, to be sure, of a like genre, and for purposes of this case we accept the parties' consensus that accrued sick pay is to be paid to the survivors of an employee who dies in service and in the same manner as accrued vacation pay.

Rosemary, the former wife, argues that § 31A requires payment of vacation and sick pay to whomever the deceased person last named as a beneficiary in connection with G. L. c. 32

---

[3] An insurance company is bound to pay in accordance with the designation of beneficiary of the insured, *Strachan* v. *Prudential Ins. Co.,* 321 Mass. 507, 510 (1947); and the burden is on the insured to effect a change in beneficiary in accordance with the terms of the policy. *Acacia Mut. Life Ins. Co.* v. *Feinberg,* 318 Mass. 246, 250-251 (1945). Divorce does not revoke a designation of beneficiary unless the matter is expressly touched upon in the divorce proceedings or the insurance contract so provides. 5 Rhodes, Couch's Cyclopedia of Insurance Law § 29.4 (2d ed. rev. 1984). See, e.g., *Cowan* v. *Sullivan,* 48 Wash. 2d 680, 682 (1956).

(which relates to retirement benefits), without importation of any limitations which c. 32 may impose as to who are eligible beneficiaries. We are of opinion that § 31A does not support such a reading. Such a construction of § 31A brushes too lightly over the phrase "lawfully designated by the employee under the state employees' retirement system," i.e., the system established by c. 32.

That the provisions of c. 32 must be considered is borne out by the very printed form on which Robert Stiles designated Rosemary as his beneficiary. In addition to the caption, previously mentioned, which refers to c. 32, there appears on the form above the designation and signature blocks the text of G. L. c. 32, § 11(2)(c), a provision which treats with the method of designating a beneficiary of certain retirement system benefits. There is a provision (the fifth sentence) in § 11(2)(c), as appearing in St. 1966, c. 556, which limits eligible beneficiaries as follows: "Payment shall not be made under this subdivision if the deceased member is survived by a beneficiary appointed under option (d) of the subdivision (2) [of G. L. c. 32, § 12] who is eligible to receive the allowance provided by said option . . . ."

We turn then, to G. L. c. 32, § 12(2), *Option (d)*, as appearing in St. 1972, c. 793, § 1. That provision permits nomination of an eligible beneficiary "as set forth under option (c)." The third paragraph of option c, as appearing in St. 1958, c. 291, provides, "No person shall be eligible for nomination as beneficiary under this option unless such person is the spouse, child, father, mother, sister or brother of such member." At the time Robert made out his beneficiary form in 1971, Rosemary, the first wife, satisfied the category of spouse. The fourth paragraph of option (d), however, provides, "If a member dies before being retired [as in the instant case] *without an eligible beneficiary* (emphasis supplied)" the surviving spouse shall take.[4] There is the rub for Rosemary. She was not an eligible beneficiary at the time of Robert's death.

_____

[4] The full text of the fourth paragraph of G. L. c. 32, § 12(2) *Option (d)* is as follows: "If a member dies before being retired without an eligible beneficiary other than the spouse of such member nominated under this

Rosemary's claim is further rebutted by the manner in which the statute proceeds: "[I]f a member in service . . . dies and leaves a spouse to whom such member had been married for not less than one year, . . . an election may be made by such spouse [in the instant case, Dorothy] to receive the member-survivor allowance under this option." In her answer to Dorothy's complaint, Rosemary concedes Dorothy's entitlement to retirement benefits under *Option (d)*.

The statutory scheme fails to dispose of all permutations. Shall a person designated by operation of law as the appropriate primary beneficiary be deemed a beneficiary "appointed" under *option (d)* for purposes of § 11(2)(*c*)? We think that is the more sound reading. Favor of the surviving spouse and children is a dominant theme which c. 32 sounds, not only in §§ 11 and 12, but also in § 9. (See also G. L. c. 29, § 31D, which provides for the payment of miscellaneous amounts under $500, owed to deceased State employees, to the surviving spouse as a first order of preference.) Our duty is to construe the statutory scheme as a harmonious whole. *Pereira* v. *New England LNG Co.,* 364 Mass. 109, 115 (1973). *Tedford* v. *Massachusetts Housing Fin. Agency,* 390 Mass. 688, 696 (1984).

Our construction of the statutory scheme also conforms to sound policy. Unlike retirement benefits, i.e., pensions, which are to some degree calculable and are, therefore, an asset for consideration in dividing assets under G. L. c. 208, § 34,[5] vacation and sick pay may not be counted on. Whether any will be due is a matter of conjecture and, under G. L. c. 29,

option, or, notwithstanding the provisions of paragraph (*a*) of subdivision (2) of section thirteen, if a member in service as described in subparagraph (i) of paragraph (a) of subdivision (1) of section three who has not less than two years of creditable service dies and leaves a spouse to whom such member had been married for not less than one year, or if a member dies within thirty days following the date the retirement of such member became effective without an eligible beneficiary nominated under Option (c) of this section, an election may be made by such spouse to receive the member-survivor allowance under this option; provided, that said spouse and the deceased member were living together at the time of death of such member, or that the board finds that they had been living apart for justifiable cause other than desertion or moral turpitude on the part of the spouse."

[5] See *Dewan* v. *Dewan,* 17 Mass. App. Ct. 97 (1983).

§ 31A, only a limited amount qualifies for payment to a survivor.[6] In the instant case, the eligible vacation and sick pay could have accrued only well after Rosemary and Robert had been divorced and is not, therefore, an asset to which Rosemary should reasonably think herself entitled.

The judgment is reversed, and a new judgment is to enter declaring that Dorothy is entitled to the vacation and sick pay payable for the account of Robert B. Stiles under G. L. c. 29, § 31A, and that, accordingly, the amount retained on deposit by the Superior Court in connection with this case, inclusive of interest earned, shall be paid to Dorothy K. Stiles.

*So ordered.*

---

[6] One year's vacation pay and twenty percent of sick leave credits.