Hillman, J.
This is a declaratory judgment action brought by the Estate of Daniel Bergeron (Estate) and his surviving spouse, Christel Bergeron (Bergeron) seeking a determination as to whether monies in a bank account properly belong to her husband’s Estate. At issue is whether the 1994 separation agreement of Daniel and Vicki Bergeron, in which Vicki waived all rights to the two bank accounts at issue, has continuing legal force in spite of both names remaining on the bank accounts. The plaintiffs have filed a motion for summary judgment. For the reasons stated below, the plaintiffs motion for summary judgment is ALLOWED.
BACKGROUND
Viewed in the light most favorable to the nonmoving party, the undisputed material facts as established by the summary judgment record are as follows. The late *358 Daniel Bergeron died in a motorcycle accident on July 28, 1998. Daniel and the defendant Vicki Leslie were married in 1982. During their coveture, they owned joint checking and savings accounts in the General Electric Federal Credit Union (GE).[2] On January 20, 1994 the Worcester Probate and Family Court entered a judgment of divorce for the Bergerons, on the grounds of irretrievable breakdown of the marriage. As part of the divorce, a settlement agreement was signed by the parties and was incorporated and merged into the divorce judgment.[3] That agreement was found to be voluntary, fair and reasonable by a judge of the Probate and Family Court Department. The Agreement contained numerous provisions detailing the division of the marital estate between Daniel and Vicki. Among the terms of the provisions, the accounts at GE were specifically noted under Article 1, Part 2 of that agreement, “Assets to be Retained By or Transferred to the Husband.” Article I, Part 2 provided that:
[T]he Husband shall retain the following assets standing in the name his name (sic) and the Wife waives all right, title, or interest she may have in these assets which shall, upon the approval of this agreement by the court become the husband’s sole property:
a) GE Credit Union checking account #4778
b) GE Credit Union savings account #4778
Daniel remarried the plaintiff Christel Bergeron on August 16, 1994 and it is undisputed that he did not change any names on the GE accounts. Daniel died intestate in a motorcycle accident on July 28, 1998 and Christel is the surviving spouse and ad-ministratrix of the estate.
DISCUSSION
Summary judgment “make[s] possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved.” Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983), quoting Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). Summary judgment shall be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that, therefore, the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id., at 17. “(T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLond v. Eissner, 405 Mass. 207, 209 (1989).
The court finds that the language of the divorce agreement was clear enough to amount to a voluntary and specific waiver of rights. The agreement states, under Statement of Intent and Legal Effect, par. 2: “Waivers. The parties acknowledge that the provisions herein made for spousal support and for the division of property are fair, adequate and reasonable, commensurate with the parties’ needs and with the parties’ incomes, assets and liabilities . . . The parties further acknowledge that such provisions are fully satisfactory to them.” On its face, this language is specific and unambiguous.
This Court is unaware of any case law in Massachusetts that deals specifically with the issue of a former spouse’s right to recover a jointly owned bank account, but will be guided by the law regarding a former spouse’s right to recover life insurance in similar situations. In Massachusetts, a “divorce does not revoke a designation of beneficiary unless the matter is expressly touched upon in the divorce proceedings or the insurance contract so provides.” Stiles v. Stiles, 21 Mass.App.Ct. 514, 515 n.3. The present case applies to the exception where the matter was specifically listed in the separation agreement. Both the award of the accounts, itemized by account numbers and the defendant’s waiver to those assets following the divorce are clear enough to amount to a voluntary and specific waiver of rights. See Wennett v. Capone, Civil No. 92-0656A (Worcester Super. Ct. Feb. 29, 1996). No evidence was introduced to show that the defendant had access to the accounts, placed any funds into them following the divorce or in any manner used the accounts following the divorce. Under the terms of the agreement, the defendant also received other marital assets to which they agreed. Her waiver as to the GE accounts was specific and effective.
The court finds as a matter of law that defendant Vicki Bergeron waived her right to receive monies from the GE checking and savings accounts. There being no disputed issues of fact, summary judgment shall issue in favor of the plaintiffs.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs motion for summary judgment is ALLOWED and that a judgment enter DECLARING that the plaintiff decedent’s estate is entitled to all monies in the General Electric Company Employees Federal Credit Union accounts.

 General Electric Company Employees Federal Credit Union, Account No. 4778000.

Worcester Probate Court, Docket No. 93D1988-DV1, dated January 20, 1994.