NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-874

CHARLES SCHWAB & CO., INC.

vs.

MARIKO KAMIO & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Appellant Elizabeth Kamio (Elizabeth) appeals from the denial of her motion for summary judgment and the granting of appellee Mariko Kamio's (Mariko) motion for summary judgment. Elizabeth, the widow of Michael Kamio (Michael), claims entitlement to the assets of her late husband's individual retirement account (IRA).  Because we find that the Superior Court judge erred in holding that no material facts were in dispute, we conclude that summary judgment is not appropriate for either party and therefore vacate the summary judgment in

_____

[1] Elizabeth Kamio.

favor of Mariko and remand to the Superior Court for further proceedings.

Background. We begin with the relevant undisputed facts from the summary judgment record. See Masonic Temple Ass'n of Quincy, Inc. v. Patel, 489 Mass. 549, 551 (2022).

In 1991, Michael opened an IRA account with Charles Schwab & Co., Inc. ("Schwab"), naming his parents as primary beneficiaries and Mariko as the contingent beneficiary. The IRA is governed by a written agreement between Michael and Schwab, which stated that Michael could only change beneficiaries "in writing using an acceptable format prescribed by [Schwab], and it will only be effective when it is filed with [Schwab] during [Michael's] lifetime."

Michael and Elizabeth married in 1995, and they had three children. They hired an attorney to create an estate plan, and in or around 2000, were advised by that attorney to name Elizabeth as the beneficiary of Michael's IRA. In 2000, in order to change beneficiaries, Schwab required the client to submit a hard copy change of beneficiary form to Schwab. Elizabeth believes that Michael made the beneficiary change himself by logging onto Schwab's website, but she does not believe that he printed out a form and sent it to Schwab. Schwab cannot locate and does not possess a "Schwab Change of

2

Beneficiary Form" signed by Michael that removes Mariko as Michael's sole beneficiary.

Importantly, Schwab possesses two material internal electronic records relating to Michael's IRA.  The first, an undated entry from Schwab's Client Central System, lists Elizabeth as the beneficiary of Michael's IRA.  Around 2000, only Schwab employees would have had access to the Client Central System to input information relating to the name of Michael's beneficiary.  The second record is a note from Schwab's "MARS system," dated 12 A.M., February 11, 2000, stating, "SUBMITTED CHG OF BENEFICIARY ON IRA ACCT SET FORM TO BE PROCESSED."  MARS was a system primarily used by Schwab representatives in branch offices to document client interactions.  A Schwab designee stated that based on the latter entry, he cannot "specifically determine . . . that a form was processed."

Michael passed away in 2019, with both his parents having predeceased him.  Schwab initially transferred the assets of Michael's IRA to Mariko on May 6, 2021, then removed those assets later that month in light of Elizabeth's claim that she is Michael's beneficiary.

Schwab initiated this action by filing an interpleader complaint, naming Mariko and Elizabeth as defendants.  Mariko and Elizabeth filed cross motions for summary judgment, and the

3

motion judge granted Mariko's motion and denied Elizabeth's motion.

Discussion. The question before us is if a genuine factual dispute exists on the issue of whether Michael "substantially complied" with the requirements of his agreement with Schwab to change the beneficiary of his IRA to Elizabeth. American Family Life Assur. Co. of Columbus v. Parker, 488 Mass. 801, 810 n.10 (2022). See Acacia Mut. Life Ins. Co. v. Feinberg, 318 Mass. 246, 250-251 (1945). We review the judge's decisions on summary judgment de novo, "review[ing] the evidence and draw[ing] all reasonable inferences in the light most favorable to the nonmoving party." Verdrager v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., 474 Mass. 382, 395 (2016). Summary judgment may only be affirmed where the moving party has met its "burden of establishing that there is no genuine issue as to any material fact and that [it is] entitled to judgment as a matter of law." Id.

Elizabeth argues that the summary judgment record compels the conclusion that Michael substantially complied with the requirements to change his beneficiary to Elizabeth. We disagree. The agreement between Michael and Schwab governed the process for changing a beneficiary, see UBS Fin. Servs., Inc. v. Aliberti, 483 Mass. 396, 414 (2019), and it required Michael to submit a form to Schwab to effect that change. It is undisputed

4

that Schwab does not have a copy of the form, but Elizabeth's theory of Michael's substantial compliance relies on his having submitted it. Viewing the evidence and drawing all reasonable inferences in the light most favorable to Mariko as the nonmoving party, see Verdrager, 474 Mass. at 395, the judge could not -- and did not -- find that Michael had submitted the form, and thus properly denied Elizabeth's cross motion for summary judgment.

We do, however, agree with Elizabeth's claim that the judge erred in granting Mariko's motion for summary judgment. Schwab's computer system contains one record listing Elizabeth as the beneficiary, and another record noting the submission of a "CH[AN]G[E] OF BENEFICIARY ON IRA ACCT" and acknowledging the existence of a "FORM." And both parties agree that any change to a beneficiary could have only been made by a Schwab employee. Evidence of Schwab's MARS system records showing that the submission of a form to change the beneficiary of Michael's IRA, and evidence of the Client Central System entry listing Elizabeth as Michael's beneficiary to his IRA, viewed in the light most favorable to Elizabeth as the nonmoving party, permits an inference that Michael had submitted a form to Schwab and therefore substantially complied with the agreement's requirements. See Verdrager, 474 Mass. at 395. We conclude that the judge's determination that there was "no evidence that

5

would demonstrate that Michael substantially complied with the terms of the IRA agreement to name Elizabeth as beneficiary" was erroneous.[2]

> The summary judgment in favor of Mariko Kamio is vacated, and the matter is remanded for further proceedings.
>
> By the Court (Meade, D'Angelo & Tan, JJ.[3]),
>
> *Paul Little*
>
> Clerk

Entered:   May 8, 2026.

---

[2] We are unpersuaded by Mariko's claim that Elizabeth has waived any argument as to the presence of disputed facts. Elizabeth plainly argued at summary judgment that "Schwab accepted and processed [a change of beneficiary] form" from Michael, thus raising to the motion judge -- and preserving for this court -- the question of whether that fact was disputed. See R.W. Granger & Sons v. J & S Insulation, 435 Mass. 66, 74 (2001).

[3] The panelists are listed in order of seniority.